ANNIE M. BAKKENSEN v. MINNEAPOLIS STREET
RAILWAY COMPANY.[1]

October 16, 1931.

No. 28,531.

*Tautges, Wilder & McDonald,* for appellant.
*R. T. Boardman* and *J. F. Dulebohn,* for respondent.

[1]Reported in 238 N. W. 489.

Loring, J.

In an action to recover for personal injuries by a passenger on defendant's street railway, the defendant had a verdict, and the plaintiff appealed from an order denying her motion for a new trial. The case was here on a previous appeal. 180 Minn. 344, 230 N. W. 787.

Plaintiff was a woman about 63 years old at the time of the accident. In the evening of February 13, 1926, she and her daughter became passengers upon defendant's northbound Cedar and Emerson street car in Minneapolis. Their destination was the intersection of Franklin and Park avenues, and when they approached that point the daughter gave the signal to stop. They waited until the car stopped and then got up and walked to the front of the car, the mother walking in advance of her daughter. She walked down the front steps of the car, taking hold of the right rail. When she reached the bottom step, she turned so as to step off sideways onto the street. As she did so the front gates of the car suddenly shut upon her, one closing on her from behind, and the other from in front. She had not yet stepped down and was held for about a minute in that position by the gates. The gates were released, and, while she was recovering from the shock of their first closing upon her and as her daughter says, trying to step off from the car, they closed upon her again. She received injuries, but how much she was injured by the first and how much by the second closing of the gates it is not possible to tell. The defendant denies the second closing of the gates, and the evidence is conclusive that the first closing was caused by an automobile running into the rear gates in such a manner as to close them. The front gates were connected with the rear ones in such a way that they closed at the same time. The evidence is also conceded to be conclusive that the automobile did not cause the second closing of the gates. The gates were however an instrumentality in the defendant's control, and consequently there was a question for the jury as to the defendant's negligence in connection with this alleged second closing.

Plaintiff requested the trial court to instruct the jury that as a matter of law the plaintiff was free from contributory negligence. The court denied this request and submitted the question of contributory negligence to the jury. In this we think the court was in error. A very careful examination of the record fails to disclose any particular in which the evidence justifies an inference that the plaintiff's conduct failed to measure up to that of a person of ordinary prudence. The defendant's principal contention in this regard is that the plaintiff unduly delayed her action in getting off the car and that she should have gotten off between the first and second closing of the gates. It also contends that she was negligent in turning sideways preparatory to stepping off. Her daughter had her by the arm, and this prevented her from falling out after the first closing. Her daughter testified that she then tried to get ready to get off the steps, the gates slammed again, coming violently together, catching her in a different position; and, while the daughter said that about a minute elapsed between the two closings of the gates, it is obvious that the plaintiff in her then condition, after being once squeezed by the gates, was not in a condition to exercise the same alert diligence for her safety that she might otherwise have been. We do not see any lack of ordinary care in her attempt to step off onto the street in the position which she assumed. The streets were icy, which probably accounts for the automobile's striking the rear gate, and a woman of her age would naturally step down in that way, especially when she was being assisted by her daughter in the manner stated. We see no evidence in the record justifying the submission of contributory negligence to the jury.

Plaintiff had previously brought a suit against both the street railway company and the driver of the automobile which collided with the street car, but upon the death of the automobile driver she dismissed that suit. The complaint charging both the defendant and the automobile driver with negligence was offered in evidence by the defendant and received over the plaintiff's objection. It was not verified or signed by the plaintiff, but under the rule

laid down in the case of Carpenter v. Tri-State T. & T. Co. 169 Minn. 287, 211 N. W. 463, it was nevertheless admissible.

The order appealed from is reversed.