Wilber D. WISEMAN, Plaintiff-Appellee,

v.

Arthur REPOSA, a/k/a Arthur Raposa, Defendant-Appellant.

No. 72-1043.

United States Court of Appeals, First Circuit.

Heard May 1, 1972.

Decided May 24, 1972.

Raymond A. LaFazia, Providence, R. I., with whom Gunning, LaFazia, Gnys & Selya, Providence, R. I., was on brief, for defendant-appellant.

Robert S. Wolfe, Boston, Mass., with whom David B. Kaplan and Kaplan, Latti & Flannery, Boston, Mass., were on brief, for plaintiff-appellee.

Before ALDRICH, Chief Judge, McENTEE and COFFIN, Circuit Judges.

PER CURIAM.

■ This is an appeal by a defendant shipowner sued by a seaman for personal injury in the usual three counts. The evidence was in substantial dispute, as appears to be customary in such cases. Nothing is more important in a trial of this character than cross-examination of the parties, particularly with respect to credibility. At the outset of the case defendant sought unsuccessfully, however, to cross-examine the plaintiff as to whether he had attempted to bribe a witness. The court excluded the question. It would be difficult to think of a more substantial error. McCormick, Evidence § 22, pp. 45–46; 3 A. Wigmore, Evidence § 960. Such cross-examination, within limits, is a matter of right.* Alford v. United States, 1931, 282 U.S. 687, 51 S.Ct. 218, 75 L.Ed. 624. The error was not cured by subsequently allowing the defendant to call the individual who, allegedly, was attempted to be bribed. Timing in such a matter is of great value. It might be, that under skillful cross-examination at the outset, plaintiff might have made admissions which, when not testifying until afterwards, he was able to avoid. At any rate, defendant was entitled to try.

■ It was also error not to permit defendant to explore, through the plaintiff, why his original complaint alleged an accident on one date and a substitute complaint added another. As a matter of pleading, the original complaint had disappeared. As an admission against interest, it had not. See Kunglig Jarnvagsstyrelsen v. Dexter & Carpenter, 2 Cir., 1929, 32 F.2d 195, 198; see also Raulie v. United States, 10 Cir., 1968, 400 F.2d 487 and cases cited therein at 526.

■■ Defendant is entitled to a new trial. Possibly some of the other errors, if they were such, will not appear again. We do say that we would prefer asking

* There was not involved, as the court thought, a matter of laying a foundation; a foundation would not have been necessary. The court's position, although mistaken, was comprehensible. The plaintiff's was not even that. *Compare* R. 218 *with* R. 533.

a hypothetical question to an expert witness who was not consulted for treatment, rather than using him to get a detailed history of the alleged accident before the jury under the guise of a medical opinion. The effect of the method used in this case is to introduce prior consistent statements, which would not otherwise be an admissible procedure. See 4 Wigmore, Evidence § 1124; McCormick, Evidence § 49, pp. 108–09. In addition, we rule that the parties can have no valid objection to a six-man jury on a seaman's case.

 The judgment is vacated. Costs on this appeal, since the errors were caused by his palpably invalid objections, taxed against plaintiff regardless of the ultimate outcome of the case. FRAP 39(a).