DOUGLAS EQUIPMENT, INC., a corporation, Plaintiff-Appellant,

v.

MACK TRUCKS, INC., Defendant-Appellee.

MACK TRUCKS, INC., Third Party Plaintiff-Appellee,

v.

\* CUTLER METAL PRODUCTS COMPANY, Third Party Defendant-Appellee.

No. 71–1355.

United States Court of Appeals, Seventh Circuit.

Argued May 19, 1972.

Decided July 31, 1972.

Rehearing Denied Jan. 26, 1973.

415 F.2d 247, 251 (3d Cir.), cert. denied, 397 U.S. 948, 90 S.Ct. 967, 25 L.Ed.2d 128.

\* Cutler Metal Products Company, Third-Party Defendant-Appellee, was dismissed from this appeal by order entered August 24, 1971.

Robert S. Milnikel, Peterson, Lowry, Rall, Barber & Ross, Chicago, Ill., for plaintiff-appellant.

Francis D. Morrissey, Thomas F. Bridgman, Michael K. Murtaugh, Baker & McKenzie, Chicago, Ill., for appellee.

Before KILEY, and PELL, Circuit Judges, and GORDON, District Judge.**

MYRON L. GORDON, District Judge.

This action for indemnification by Douglas Equipment, Inc. against a truck manufacturer, Mack Trucks, Inc., followed the settlement of an injured workman's claim against Douglas Equipment, Inc. At the trial of the instant case, a jury verdict was returned in favor of Mack; Douglas has appealed the trial court's denial of its motions for judgment or, alternatively, a new trial. We affirm the judgment of the trial court.

Mack manufactured the vehicle in question during March, 1957 and shipped

** District Judge Myron L. Gordon of the Eastern District of Wisconsin is sitting by designation.

it to its dealer in Peoria. The tractor was purchased new by Douglas and leased to Federal Paper Board under an agreement which provided that Douglas would maintain the tractor.

On March 4, 1970, one Gerald Dibble, a driver for Federal Paper Board, was making an inspection of the tractor's air brake system when the wet air reservoir tank exploded, causing his injuries. Dibble brought an action against Douglas which was compromised for $448,191.76 after a jury verdict for $725,000 was returned. After Douglas instituted the present action against Mack, Mack filed a third party complaint against Cutler Metal Products, the company which had supplied the tank.

Douglas urges that the trial court erred in refusing to admit into evidence portions of Mack's third party complaint against Cutler; the latter pleading contained alleged admissions which Douglas contends should have been considered by the jury. Douglas also complains of the trial court's refusal to accept as evidence Mack's answers to certain interrogatories which were propounded by Cutler. In addition, Douglas assigns error to the admission into evidence of certain pages of Mack's service and operator's manuals and of the maintenance records of the truck. Finally, the appellant urges that it was improper for the court to have given certain instructions and to have failed to direct a verdict in its favor.

This accident occurred in March, 1960—three years after Mack assembled the vehicle. The vehicle had been driven 250,000 miles between the date of construction and the date of the accident. Mack urges that the record in the instant case is devoid of proof that Dibble's success in the earlier trial stemmed from a finding that there was a defect in the truck's construction, as distinguished from defective maintenance by Douglas. The jury in the Dibble trial made a general finding in favor of the injured workman against Douglas;

Mack was not a party to the Dibble action.

■ The trial court upheld objections to the offer by Douglas of portions of Mack's third party complaint against Cutler. In paragraph 10 thereof, Mack stated that the tank was "unreasonably dangerous." The appellant urges that this was an admission and not framed in the alternative; however, we note that the alleged admission in paragraph 10 is prefaced with an assertion that if Mack were liable to Douglas it would be so only because of Cutler's having permitted the tank to be in an "unreasonably dangerous" condition. The trial court was justified in treating this as an alternative or hypothetical pleading rather than as an admission. Continental Insurance Company v. Sherman, 439 F.2d 1294, 1298 (5th Cir.1971); cf. Frank R. Jelleff, Inc. v. Braden, 233 F.2d 671, 676 (D.C.Cir.1965).

The evidentiary law of Illinois also recognizes the foregoing approach. In McCormick v Kopmann, 23 Ill.App.2d 189, 203, 161 N.E.2d 720, 729 (1959), the court said:

"Alternative fact allegations made in good faith and based on genuine doubt are not admissions against interest so as to be admissible in evidence against the pleader. The pleader states the facts in the alternative because he is uncertain as to the true facts. Therefore, he is not 'admitting' anything other than his uncertainty."

■ The district court also upheld Mack's objections to the admission into evidence of its answers to Cutler's interrogatories numbered 1, 6 and 7. In such answers, according to Douglas, Mack "admitted" that the tank was defective with respect to its welded seams. The following questions were asked and answers given:

"1. Name the precise part of the 'air brake system' that the third party plaintiff alleges to be defective.

"ANSWER: An Air Reservoir manufactured by Cutler Metal Products Co.

\*    \*    \*    \*    \*    \*

"6. If the third party plaintiff alleges that that part was defectively designed, state with particularity in technical terms or otherwise the precise nature of that defect in design.

"ANSWER: The configuration and location of the welded seams of the reservoir were inadequate in terms of the welding practices and procedures utilized and the pressure the reservoir was designed to withstand.

"7. If the third party plantiff alleges that that part was defectively manufactured, state with particularity in technical terms or otherwise the precise nature of that defect in manufacture.

"ANSWER: The welding practices and procedures utilized and/or inadequate metal thickness and other material defects."

Mack's answers to these interrogatories were directed at the issues which formed the basis of the dispute between Mack and Cutler, and as such, they must be considered in light of the underlying pleadings. The answers to these interrogatories were obviously conditioned on the hypothetical establishment of Mack's liability to Douglas, which was not conceded by Mack. Accordingly, there was no error in the refusal to admit the answers to the interrogatories into evidence. In Gadaleta v. Nederlandsch-Amerekaansche Stoomvart, 291 F.2d 212, 213 (2d Cir.1961), the court said:

"Answers to interrogatories clearly may be utilized as admissions. . . . The answers here, however, through the reference to the third party complaint in the interrogatories, were conditional on the prior establishment of the existence of the wet condition of the pier, which was not admitted by defendant. They would have been misleading to the jury under the circumstances. The court was therefore correct in excluding them."

■■ Douglas also assigns error to the admission into evidence of Mack's service and operator's manuals as well as Mack's records as to the tractor's maintenance. Proper foundations were laid as to those documents; their authenticity and relevance were adequately established. In any event, an error in the admission or exclusion of evidence is not grounds for reversal unless the ruling is inconsistent with substantial justice. Trans-Car Purchasing, Inc. v. Summit Fidelity & Surety Company, 454 F.2d 788 (7th Cir.1971); Prater v. Sears Roebuck, 372 F.2d 447 (6th Cir. 1967). The admission of the documents in question was well within the trial court's discretion.

The appellant has urged upon this appeal that several jury instructions were improper and also that a directed verdict should have been entered in favor of Douglas. In addition, error is assigned in connection with the refusal to dismiss Cutler from the case before oral arguments were made to the jury. We have considered these contentions and reject them.

■ We conclude that there is evidence in the record from which the jury could properly infer that the explosion was caused by negligent maintenance not chargeable to Mack or that the wet air reservoir tank which exploded was substantially changed from the tank originally installed by Mack. Cf. Morehead v. Poland, 457 F.2d 694 (7th Cir. 1972). Accordingly, Douglas is not entitled to judgment or a new trial. The judgment of the court is affirmed.