**Herbert G. GARMAN and Beverly Garman, Appellants,**

v.

**Maurice Knox GRIFFIN, Appellee.**

**No. 80–2094.**

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 9, 1981.

Decided Dec. 11, 1981.

Rehearing Denied Jan. 14, 1982.

James W. Jeans, Sr. (argued), Platte City, Mo., for plaintiffs-appellants.

George T. O'Laughlin (argued), Kansas City, Mo., for defendant-appellee Maurice Knox Griffin.

Before ROSS and ARNOLD, Circuit Judges, and WOODS,* District Judge.

WOODS, District Judge.

■ This is a diversity case brought by the parents of Ronald Garman, the eleven-year-old decedent, under the Missouri Wrongful Death Act. Ronald was run over and killed on January 12, 1977 by a school bus from which he had alighted in front of his parents' farm home near Chillicothe, Missouri. They subsequently moved to Michigan and sued the school bus driver, a Missouri resident, on a negligence theory. Shortly before the statute of limitations would have run, plaintiffs amended their complaint and joined Superior Bus Sales, Inc., the alleged seller of the bus, on a strict liability theory. Paragraph IV of the amended complaint stated that the casualty was the "direct result of the concurring acts and omissions of the defendants." The fault of Superior was alleged as follows:

... defendant Superior Bus Sales placed into the channels of trade and sold to the Chillicothe School District a bus which was defective in that it was so constructed and its mirrors so positioned that a full and complete view of the area within the path of the bus was not discernible by a person positioned in the driver's seat.

It later developed that plaintiffs had sued the wrong company in their amended complaint and a summary judgment was granted in favor of Superior. The case against Griffin was tried to a jury on September 5, 1980 and judgment was entered on a jury verdict in favor of the defendant. The case against Griffin was principally grounded on his failure to keep a proper lookout for the child after the latter had left the bus. During the course of the trial, the defendant's counsel, over plaintiffs' objection, was permitted to read the above strict liability allegation against the alleged bus seller, who had been previously dismissed from the case. The plaintiffs were permitted to read the denial of the allegation in the answer. The plaintiffs' principal contention on appeal is that the admission of this evidence constituted prejudicial error. We agree and reverse for a new trial.

■ The use of trial pleadings as admissions has been a thorny issue in the law of evidence. There are situations in which they are generally admitted.[1] If the plaintiffs' complaint alleged that an automobile accident occurred because defendant was driving too fast on an icy road and the

* Henry Woods, United States District Judge, Eastern District of Arkansas, sitting by designation.

1. However, the author of a note in the Texas Law Review stated that the majority American rule and the English rule are that admissions made by a pleader in one count are not admissible against him on an issue raised by averments in another count. He quoted from the leading English case as follows: "A plaintiff ... is at liberty to state different claims upon the record, though inconsistent with each other without subjecting himself thereby to having one of such claims set up as an answer to the other. Whatever issues are joined upon any counts or pleas are to be tried by the jury distinctly from each other." *Gould v. Oliver*, 2 Man. & G. 208, 234 (C.P.1840). With reference to this quotation, the author comments as follows: "The quoted passage indicates the reasoning upon which most courts rely in refusing to permit one count to be used as evidence against another. They first recognize that alternative and inconsistent pleading is necessary for the attainment of justice, because the plaintiff, when he draws his petition, cannot always be sure what he will be able to prove on trial; and having recognized the right to plead inconsistently, the courts feel that it would be contradictory to hold in the next breath that one of the inconsistent counts may be used to defeat the other. Such a holding would virtually destroy the right to plead in the alternative because no plaintiff could afford to do so if he should have to run the risk of having one of his counts used to defeat the other." Note, 17 Texas L.Rev. 191, 192 (1939).

proof showed that the accident occurred on the Fourth of July, this type of admission will generally be received in evidence. It is a factual admission by an adverse party in a pleading on which the issue is being tried. *Stolte v. Larkin*, 110 F.2d 226 (8th Cir. 1940), on which defendant places considerable reliance, is this type of case. Plaintiff motorcyclist (Larkin) sued a forward automobile driver (Smith) who was proceeding in the same lane and also sued an approaching motorist (Stolte) who, in passing on a hill, entered the motorcycle's lane, collided with it and caused it to strike the forward vehicle (Smith). The trial proceeded against both defendants. On cross-examination of the plaintiff the attorney for the passing motorist (Stolte) offered in evidence a portion of the complaint reading: "That at the time and place above mentioned the defendant H. W. J. Smith suddenly and without any signal or warning negligently and carelessly slackened the speed of his automobile and operated the same to a stop or practically so." *Id.* at 231, n. 1. The evidence was excluded by the trial court. A verdict was subsequently directed in favor of Smith. The jury returned a verdict against the remaining defendant (Stolte). The court reversed because the testimony was improperly excluded. Like the example given above of the icy road in July, *Stolte* involved a pleading admission in the nature of a fact allegation about the conduct of an adversary party who was still a party at the time the evidence was affirmed at trial. The only difference is that the adversary party-defendant whose conduct was the basis of the admission was not the party defendant who offered the evidence. We do not view this as a significant difference. When factual allegations in the pleadings relate to conduct of the same defendant who is offering the evidence, the evidence is generally admitted,[2] even though the particular pleading has been abandoned or dismissed.[3] Where a party has made a statement in a pleading about his own conduct which is at variance with his position in the matter being litigated, the evidence is generally admitted.[4]

There are significant differences between the cases cited, *supra* and the case we now consider. Here we are dealing with an admission in a pleading that (1) involves the conduct of a dismissed party not in the lawsuit at the time the evidence was admitted; (2) that does not involve the conduct of the plaintiffs or the plaintiff's decedent; and (3) that does not involve the conduct of the defendant. We are also dealing with an admission made in a complaint filed at the last opportunity to toll the statute of limitations. The allegation, based on the newborn doctrine of strict liability, was never pursued because plaintiffs were never able to properly identify the seller of the bus. The clear implication of this record is that the amended complaint was a tentative move based on desperation and the need to preserve the option of further investigation.

Should this type of pleading admission, which could have been and probably was very damaging in the context of the instant case, have been admitted? We think not. One of the leading treatises in the law of evidence is in accord:

... The modern equivalent of the common law system is the use of inconsistent, alternative, and hypothetical forms of statement of claims and defenses. It can readily be appreciated that pleadings of

---

2. *Frederic P. Wiedersum Assoc. v. National Home Const.*, 540 F.2d 62, 65 (2d Cir. 1976). Variation in dates between complaint and plaintiff's proof. Error to exclude relevant portion of complaint.

3. *Wiseman v. Reposa*, 463 F.2d 226 (1st Cir. 1972). Variance in dates between original and substituted complaints involving same parties.

4. Such a case is *Burdis v. Texas & Pacific Ry. Co.*, 569 F.2d 320 (5th Cir. 1971) where the plaintiff, who was an automobile passenger in a railroad crossing accident, had made allegations in a state court complaint against the driver which indicated plaintiff passenger was contributorily negligent; to the same effect is *Glaesman v. Shop-Rite Foods, Inc.*, 438 F.2d 341 (10th Cir. 1971) where customer sued lessee of parking lot after fall and lessee's allegations of faulty maintenance against lessor in previous suit against latter were properly admitted.

this nature are directed primarily to giving notice and lack the essential character of an admission. To allow them to operate as admissions would render their use ineffective and frustrate their underlying purpose. Hence the decisions with seeming unanimity deny them status as judicial admissions, and generally disallow them as evidential admissions.

McCormick, *Evidence*, § 265 at 634 (2d ed. 1972).

In situations closely akin to the case under submission, such pleading admissions have been generally excluded.[5] We believe that *Continental Insurance Co. of New York v. Sherman*, 439 F.2d 1294 (5th Cir. 1971) states the better view and indeed what is now the majority view. In *Continental Insurance* there were inconsistencies in the third-party defendant's cross-claim and answer. In closing argument the defendant's attorney argued that the allegations of the cross-claim constituted an admission of liability even though the cross-claim had been dismissed. Holding that the admission of these pleadings was improper, the court said:

> As a general rule the pleading of a party made in another action, as well as pleadings in the same action which have been superseded by amendment, withdrawn or dismissed, are admissible as admissions of the pleading party to the facts alleged therein, assuming of course that the usual tests of relevancy are met. (Citations omitted.) Strictly applied, however, this

rule would place a litigant at his peril in exercising the liberal pleading and joinder provisions of the Federal Rules of Procedure in that inconsistent pleadings under Rule 8(e)(2) could be used, in the proper circumstances, as admissions negating each other and the allegations in third-party complaints and cross-claims seeking recovery over in the event of liability in the principal action could be used in that action as admissions establishing liability. Thus, as a necessary exception in the general rule, there is ample authority that one of two inconsistent pleas cannot be used as evidence in the trial of the other. *Giannone v. United States Steel Corporation*, supra, 238 F.2d at 544, n. 4; McCormick on Evidence, § 242, pp. 509–520 (1954); Note, 17 Tex. Law Rev. 191 (1939). It would seem that this principle would also include inconsistent positions taken in pleadings in a complicated joinder situation, involving, as here, the contingent liability of third parties.

Tort law, particularly in the field of product liability, has reached a point where in many cases several theories of liability are advanced—negligence, warranty, strict liability, absolute liability, deceit and nuisance among others. Often these theories involve inconsistent and contradictory allegations in the pleadings. This has been recognized and indeed encouraged by Rule 8(e)(2), Fed. R.Civ.P.[6] A further complicating problem in the unbridled use of pleading admissions

---

**5.** In *Estate of Spinosa*, 621 F.2d 1154 (1st Cir. 1979) the decedent was killed when there was brake failure on an International truck which crashed into a bridge abutment. The administratrix brought a product liability suit against International Harvester. The First Circuit held that the District Judge properly excluded allegations by the administratrix in a state court complaint against the truck owner based on his negligent failure to maintain the truck. The Fifth Circuit rendered a similar holding in *Mitchell v. Fruehauf Corp.*, 568 F.2d 1139 (5th Cir. 1978). There a pickup truck driver was injured when a passing truck trailer overturned onto his pickup. He sued the trailer manufacturer in strict liability. The Court of Appeals held that the District Judge properly excluded allegations in a prior state court complaint charging the truck-trailer driver with negli-

gence. See also *Douglas Equipment v. Mack Trucks*, 471 F.2d 222 (7th Cir. 1972).

**6.** "A party may set forth two or more statements of a claim or defense alternately or hypothetically, either in one count or defense or in separate counts or defenses. When two or more statements are made in the alternative and one of them if made independently would be sufficient, the pleading is not made insufficient by the insufficiency of one or more of the alternative statements. A party may also state as many separate claims or defenses as he has regardless of inconsistency and whether based on legal, equitable, or maritime grounds. All statements shall be made subject to the obligations set forth in Rule 11."

is the liberal third-party and joinder practice contemplated by the Federal Rules of Civil Procedure. The almost universal adoption of statutes permitting contribution among tortfeasors and the widespread use of indemnity provisions in many types of contracts have given additional impetus to third-party practice and joinder. The use of pleading admissions in situations akin to the case under submission seems to us to be contrary to the spirit of the Federal Rules. Furthermore, it simply does not seem quite fair to these plaintiffs. A pleader in the Federal Courts should not have to forego a potential claim rather than run the risk of having such a claim used as an admission.

■ We have considered the other points urged by plaintiff-appellants and with one exception consider them to be without merit. Defendant's counsel inquired of defendant why he had quit driving the school bus after the accident. Defendant responded that "it is just like trying to haul a truck load of diamonds. Every one of those kids were precious and I just did not have the heart to go back." At this point the defendant became emotional. His attorney asked if he needed a drink of water, and he said, "No, I am okay. I am just sensitive." Plaintiffs' counsel argued that the question and the response was a contrived predicate for a display of sympathy engendering emotion on defendant's part. We do not accept this argument in the face of the ruling by the able and experienced trial judge, and a retrial would not be ordered on the basis of the admission of this evidence. We do, however, seriously question the relevancy of this evidence. How is the fact that defendant had quit driving a bus relevant on the issue of his negligence at the time of the fatal accident? Defendant-appellee urged that it is relevant because plaintiffs alleged that the death "was attended upon aggravated circumstances." Surely this must mean his conduct at the time of the accident and not whatever he may have done thereafter. This line of inquiry should be excluded in the retrial of this cause.

Reversed and remanded.

ARNOLD, Circuit Judge, dissenting.

In my view, the District Court's action in admitting into evidence a portion of plaintiffs' amended complaint was fully supported by the relevant precedents and not unfairly prejudicial to plaintiffs' case. I would affirm the judgment entered for defendant on the verdict of the jury.

In *Stolte v. Larkin*, 110 F.2d 226, 231–32 (8th Cir. 1940), the plaintiff Larkin sued three defendants, Albert C. Stolte, Everett Stolte, and H. W. J. Smith. The case against Everett Stolte was based on the theory that his car struck plaintiff's motorcycle while Stolte was on the wrong side of a highway. Stolte suggested as part of his defense that the accident was in fact the fault of the co-defendant Smith, who was driving a car in front of plaintiff's motorcycle. The Smith car and the motorcycle were traveling south, while the Stolte car was going north. The plaintiff's complaint alleged that the Smith car negligently came to a halt, or nearly so, and thus blocked the path of the plaintiff's motorcycle, which, as noted, was traveling behind the Smith car. This allegation fit Stolte's theory that the motorcycle struck his car when it was forced to swerve to avoid hitting the Smith car. Stolte offered in evidence this portion of the complaint, relating to Smith's conduct, and the trial court sustained an objection and excluded the evidence. On appeal, this Court reversed. In language applicable to the case now pending, we said:

> That statements in pleadings in the nature of admissions ... are admissible is established not only in federal courts and in Minnesota, but generally.

110 F.2d at 232 (citations omitted).

*Stolte* quite clearly indicates, moreover, that the fact that a pleading is directed against a person no longer a party to the case, does not affect its admissibility. In *Stolte, id.*, this Court referred to a Minnesota case, *Bakkensen v. Minneapolis Street Railway Co.*, 184 Minn. 274, 238 N.W. 489 (1931), and had the following to say:

> In this respect the Bakkensen case, supra, seems particularly apposite because there the pleading offered had to do with state-

ment in a cause of action against both the operator of a street car and the operator of an automobile where, upon death of the automobile driver, a new action was filed against the street car operator alone and in the second action the former pleading was introduced. Here, plaintiff stated a cause against the drivers of two automobiles but on trial virtually abandoned the action against one driver (Smith) and a verdict was directed for that defendant.

*Stolte* has never been overruled or even spoken of in a disapproving fashion in any of this Court's subsequent opinions. Indeed, its principle was reaffirmed in *Ross v. Philip Morris & Co.*, 328 F.2d 3, 14–15 (8th Cir. 1964). Most of the authorities in other circuits are in accord. In *Giannone v. United States Steel Corp.*, 238 F.2d 544 (3d Cir. 1956), for example, it was said that "[b]y the weight of authority even withdrawn or superseded pleadings are admissible." *Id.* at 547 (footnote omitted). To the same effect is *Continental Ins. Co. of N.Y. v. Sherman*, 439 F.2d 1294, 1298 (5th Cir. 1971) (emphasis supplied):

> As a general rule the pleading of a party made in another action, as well as pleadings in the same action which have been superseded by amendment, withdrawn *or dismissed*, are admissible as admissions of the pleading party to the facts alleged therein, assuming of course that the usual tests of relevancy are met.

These principles were scrupulously followed by the District Court in this case. One of the issues at the trial, perhaps the most important issue, was how much Griffin could see from the driver's seat in the bus. Griffin was of course maintaining that there was a blind spot from which he could not see the Garman boy. The plaintiffs, on the other hand, took the position that "it wasn't the adequacy or the inadequacy of the mirrors that was the problem, it was his [Griffin's] misunderstanding as to where the boy was." [1] Obviously a state-

ment by plaintiffs that in fact there was a blind spot because of how the bus was constructed is material to that issue. It is not contended that the portion of the pleading read to the jury contained a legal conclusion, as opposed to an allegation of fact. The allegation read to the jury by defense counsel was that "the bus was defective in that it was so constructed and its mirrors so positioned that a full and complete view of the area within the path of the bus was not discernible by a person positioned in the driver's seat." Tr. 164. The allegation, if believed, would tend to lessen the driver's fault.

The District Court examined the matter fully and took pains to eliminate any unfairness to the Garmans. The court permitted plaintiffs' counsel to read to the jury Griffin's answer denying the allegations of the amended complaint. The court also observed:

> I believe any prejudicial aspect, any improper prejudicial aspect, can be taken care of through some further instruction by the Court regarding the bus company if that is desired.

Tr. 163–64. The jury could have been told, for example, that the pleading had been filed at a time when the bus company was also a party defendant, and that the bus company sued had subsequently been dismissed because it was not the company that had manufactured or sold the bus involved in the accident. Counsel for plaintiffs did not request any clarifying or explanatory instruction.

How does the Court today seek to distinguish *Stolte* and avoid the force of this reasoning? It is suggested, *ante*, p. 1158, that in *Stolte* the allegation admitted concerned "the conduct of an adversary party [Smith] who was still a party at the time the evidence was admitted at trial." True enough, but the *Stolte* opinion, as is shown by portions already quoted, stresses that the

---

1. The quotation is from plaintiff's counsel's closing argument to the jury, Tr. 200. Similarly, at an earlier point counsel for plaintiffs argued that the decedent "was not seen, not because of any mirrors [that] were not working, but because he [Griffin] thought he [the Garman boy] had cleared." Tr. 184.

action against Smith had been virtually abandoned, and treats this circumstance as a factor cutting in favor of admissibility, not against it. We are told also, *ante,* pp. 1158–1159, that the pleading admitted here did not involve the conduct either of the plaintiff or of the defendant against whom it was offered. With deference, I disagree. A statement that a bus is so constructed that the driver cannot see out of it most certainly concerns the driver's conduct. In *Stolte,* furthermore, the pleading admitted involved the conduct of Smith, not of Stolte, who offered it in evidence. It is true that the pleading was filed right before the period of limitations would have expired. But why is this circumstance relevant? Fed.R.Civ.P. 11 provides, without exception, that

> The signature of an attorney constitutes a certificate by him that he has read the pleading [and] that to the best of his knowledge, information, and belief there is good ground to support it . . . .

As the Third Circuit remarked in *Giannone v. United States Steel Corp., supra,* 238 F.2d at 547, "[m]ost of the authorities considering admissions as evidence conclude that pleadings today are supposed to be factual rather than fictional and therefore should be regarded as probative and admissible."

I quite agree that allowing pleadings to be used as admissions may in some cases run afoul of the permission given in Fed.R. Civ.P. 8(e)(2) to plead hypothetically, inconsistently, or in the alternative. If, for example, a defendant brings in a third-party defendant and in the course of doing so hypothetically alleges its own liability, it would be both unfair and illogical to use the hypothetical admission as evidence against the defendant and third-party plaintiff. That, and only that, is the holding of *Continental Ins. Co. of N.Y. v. Sherman, supra,* on which the Court today relies. Or if a complaint contains two counts, each setting forth an alternative and mutually inconsistent theory of liability, it would be unjust to admit the allegations of one count as evidence on the trial of the other. That, and only that, is the holding of *Gould v. Oliver,* 2 Man. & G. 208, 133 Eng.Rep. 723 (C.P.

1840). As the court said there, "If not guilty, and a justification be pleaded to a declaration in trespass, the admission of the trespass in the justification [a species of confession and avoidance] will not entitle the plaintiff to a verdict on the plea of Not guilty." 2 Man. & G. at 234, 133 Eng.Rep. at 734.

The difficulty with using this line of argument to reverse the judgment in the instant case is that the amended complaint here was *not* hypothetical, alternative, or inconsistent. It did not allege two theories of liability, (1) that Griffin, but not the bus company, was at fault, and (2) that the bus company, but not Griffin, was at fault. It alleged that *both* Griffin *and* the bus company were responsible for the Garman boy's death, through "concurring acts and omissions . . . ." Amended Complaint ¶ IV, Designated Record (D.R.) 9. There is a tension, so to speak, built into this allegation, because the very circumstance alleged to create liability on the part of the bus company also has some tendency to exculpate Griffin. But the same thing could have been said in *Stolte v. Larkin, supra,* where the more Smith appeared to be at fault, the less any negligence of Stolte's would seem to have to do with Larkin's injuries.

I do not claim that the situation is entirely free of the danger of jury confusion or unfair prejudice. Usually, however, the judgment whether such dangers outweigh the probative value of a given piece of evidence is left to the trial court. Fed.R. Evid. 403. The district courts are in the front line of the battle for justice. They make many decisions on each day of trial, often necessarily without much time for the luxury of reflection. Here, the District Court carefully weighed the situation, limited the portion of the pleading read to the jury strictly to matters of fact, permitted opposing counsel to read a portion of another pleading, invited counsel to propose a clarifying instruction, and at length exercised its discretion in favor of admissibility. This decision, it seems to me, was fully warranted by our cases and the general

preference of the modern law of evidence to resolve doubts in favor of admissibility, so that the triers of fact may exercise their judgment on the basis of as much relevant information as possible.

The cases in this Court are legion that counsel against disturbing this kind of exercise of judgment by a district court, in the absence of "a clear and prejudicial abuse of discretion." *Wade v. Haynes*, 663 F.2d 778, 783 (8th Cir. 1981). What Judge Matthews, joined by Judges Van Oosterhout and Mehaffy, said in 1964 bears repeating now:

> We approach the question whether the exclusion of evidence offered by plaintiff was prejudicial error, mindful that under Rule 61, Fed.R.Civ.P., no error in the admission or exclusion of evidence is ground for granting a new trial or for vacating a judgment, unless a refusal to do so is inconsistent with substantial justice. See *Great American Insurance Company v. Horab*, 8 Cir., 309 F.2d 262 (1962). In *Hawkins v. Missouri Pac. R. Co.*, 8 Cir., 188 F.2d 348, 351–352 (1951), in speaking for the court, Judge Johnsen, now Chief Judge, stated the applicable rule in this manner:
>
> > " * * * [T]he admission or exclusion of any evidence, as being properly relevant or being too remote, is in the federal courts a matter primarily for the trial court's judgment, and its rulings in this respect will not be disturbed except for clear and prejudicial abuse of the discretion."

*Ross v. Philip Morris & Co., supra*, 328 F.2d at 14.

I respectfully dissent.