**Stacy Marie VINCENT, et al., Plaintiffs, Appellants,**

v.

**LOUIS MARX & CO., INC., et al., Defendants, Appellees.**

**No. 88–1554.**

United States Court of Appeals, First Circuit.

Heard Feb. 7, 1989.

Decided May 3, 1989.

As Amended May 9, 1989.

---

Edward M. Swartz with whom Alan L. Cantor and Swartz & Swartz, Boston, Mass., were on brief, for plaintiffs, appellants.

Patrick F. Brady with whom Nelson G. Apjohn, Andrew Agrawal and Nutter, McClennen & Fish, Boston, Mass., were on brief, for defendant, appellee Quaker Oats Co.

Before BOWNES, ALDRICH, and BREYER, Circuit Judges.

BOWNES, Circuit Judge.

This is an appeal from a jury verdict finding defendant Louis Marx & Co., Inc. not liable for injuries suffered by plaintiff-appellant Stacy Vincent. At the time she was injured, Stacy Vincent was five years old. She was riding a tricycle manufactured by defendant when she was struck by an automobile. Stacy and her mother brought this product liability action against defendant. Jurisdiction is based on diversity of citizenship. The necessary facts are recited in our discussion of the issues.

### I. THE ADMISSION OF ALLEGATIONS IN A PRIOR PLEADING

The instant action against Louis Marx & Co., Inc. was brought on April 10, 1980. The accident occurred on April 17, 1977. On October 31, 1977, an action was commenced in the Massachusetts Superior Court against the driver of the automobile that struck the tricycle and the plaintiff child. The state action was brought by an attorney other than those now representing plaintiffs. The state suit was subsequently

settled on the payment of the total amount ($50,000) of the insurance policy of the driver.

The state court complaint contained, *inter alia*, the following allegation: "3. The Defendant, Steven P. Iverson in the course of operation of his motor vehicle did have, or should have had, a clear view of the Plaintiff for a substantial distance." This is at variance with the theory of liability advanced against the present defendant: that the tricycle was constructed so close to the ground that it could not be seen by an approaching motorist.

Defendant made clear early on its intention to introduce the state court complaint in evidence. The court held two hearings on this question during trial. The first was held at a recess during the testimony of Stacy's mother. After reading into the record the testimony of Stacy's mother given in the criminal trial against the driver of the car that struck Stacy, the court ruled that the state civil court pleadings could not be used in cross-examination of Stacy's mother, but the pertinent portions of the state complaint could be read to the jury by defense counsel. The court indicated that it felt legally bound to admit the pleadings as an evidentiary admission under Fed.R. Evid. 801(d)(2)(C). The second hearing was held after the state complaint was offered in evidence. The following statements were made by the court:

THE COURT: I don't agree with the rule. Don't misunderstand me. If I were writing the Rules of Evidence, I would never allow it in.

MR. SWARTZ: You have the discretion to exclude it.

THE COURT: I feel I do not.

MR. SWARTZ: You say, as a matter of law?

THE COURT: As a matter of law, I have no right to exclude it.

THE COURT: Listen, I want to tell you that I am absolutely serious when I say that, trying to bind this child by an admission made by an attorney in another case, or a contention made by an attorney—

MR. BRADY: I understand—

THE COURT; I know, you just want to admit it. I cannot understand the justice, nevertheless I am subject to it.

MR. SWARTZ: You have discretion to exclude it.

THE COURT: I find I don't have any discretion at all.

The allegation in the state complaint was admitted as an evidentiary admission.

■ We read the court's statements to mean that it felt bound by Fed.R.Evid. 801(d)(2)(C) to admit the pleading and that it had no discretion to exclude it. We think the district court did have such discretion under Fed.R.Evid. 403.[1]

There is no case in the First Circuit holding that under these or similar facts a prior inconsistent pleading must be admitted in evidence. In *Estate of Spinosa*, 621 F.2d 1154 (1st Cir.1980), which was referred to by the district court during the hearings on admissibility, we held that under New Hampshire law prior inconsistent pleadings were admissible in a subsequent suit against a different defendant. But we found that the pleadings at issue were not inconsistent. We held:

In the instant case, however, there is no such inconsistency. It is not inconsistent for suit to be brought against the owner and the manufacturer of the vehicle, since both can have a role in the plaintiff's injury. *Mihoy* [*v. Proulx*], *supra* [113 N.H. 698] at 700, 313 A.2d [723] at 1724 [ (1973) ]. Without such inconsistency, and since pleadings in prior law suits are not evidence of the facts in any particular subsequent suit, *Slocinski v. Radwan*, 83 N.H. 501, 507, 144 A. 787, 790 (1929), the district court had discretion to exclude such material as irrelevant. Absent evidence of abuse of

---

1. Fed.R.Evid. 403 provides:
   Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

that discretion, we will not upset its ruling.[2]

*Id.* at 1157. The footnote reads:

Although the parties have briefed this issue as a question of New Hampshire law, it seems likely that the question is actually controlled by Fed.R.Evid. 403. This rule, however, adds little to the discussion in the text. Because the state court pleadings are not inconsistent with the allegations in the present suit, their relevance is minimal. Moreover, admission of them would potentially prejudice the jury. The trial judge thus had considerable discretion to exclude the evidence, and because the analysis under *Bellavance* [*v. Nashua Aviation & Supply Co.,* 99 N.H. 10, 104 A.2d 882 (1954) ] substantially parallels the weighing of relevance and prejudice under the federal rule, we find no reversible error.

*Id.* n. 2. Evidently, the district court read our holding as mandating the admission of prior inconsistent pleadings. Although such an inference might possibly be drawn from the sentence beginning with the words, "Without such inconsistency," it is attenuated at best. Any such inference is negated by the statement in the footnote that "it seems likely that the question is actually controlled by Fed.R.Evid. 403," and the last sentence of the footnote referring to the balancing test of Fed.R.Evid. 403.

In *United States v. Raphelson,* 802 F.2d 588 (1st Cir.1986), we stated:

MPIUA argues that its pleading in a prior case is not binding on it in this case, and should not be considered here as an admission. Although a pleading in one case is not a conclusive judicial admission in a later one, it is treated as an ordinary admission which can be contradicted by other evidence.

*Id.* at 592. In *Raphelson,* however, the prior pleadings were an interpleader involving the same parties. In the interpleader MPIUA admitted liability on its insurance policy in the amount of $30,800. In the subsequent case involving the same parties, MPIUA claimed that its admission of liability was nullified because the $30,800

was never accepted by the insured, which was named in the interpleader and was a defendant in the second suit. The second suit was brought by the United States as claimant to the insurance proceeds. The facts of *Raphelson* distinguish it from the instant case. There is no discussion in *Raphelson* of Fed.R.Evid. 403, nor any reference to *Spinosa. Raphelson* is not apposite.

In *Wiseman v. Reposa,* 463 F.2d 226 (1st Cir.1972), we held that it was error "not to permit defendant to explore, through the plaintiff, why his original complaint alleged an accident on one date and a substitute complaint on another." *Id.* at 227.

In *Sinclair Refining Co. v. Jenkins Petroleum Process Co.,* 99 F.2d 9 (1st Cir. 1938), we noted:

The general rule is that one may not to the prejudice of the other party deny any position taken in a prior judicial proceeding between the same parties or their privies involving the same subject matter, if successfully maintained.

*Id.* at 13. This rule does not apply to the situation before us. This completes our survey of First Circuit cases. We now turn to the other circuits.

There is a lack of unanimity among the circuits that have discussed the question of the admissibility of prior inconsistent pleadings. In a case somewhat similar to the case at bar, the Eighth Circuit held that the admission of amended (not prior) inconsistent pleadings constituted prejudicial error. *Garman v. Griffin,* 666 F.2d 1156 (8th Cir.1981). In *Garman,* the amended pleadings alleged strict liability against the seller of a school bus because its construction precluded a complete view by the driver of the area within the path of the bus. The original pleadings alleged negligence against the driver of the bus. Summary judgment was granted against the seller of the bus because plaintiff had sued the wrong company; the case proceeded solely against the driver. The strict liability allegations were allowed in evidence. *Id.* at 1157. The court started its analysis by observing:

Here we are dealing with an admission in a pleading that (1) involves the conduct of a dismissed party not in the lawsuit at the time the evidence was admitted; (2) that does not involve the conduct of the plaintiffs or the plaintiff's decedent; and (3) that does not involve the conduct of the defendant.

*Id.* at 1158. The court stated: "In situations closely akin to the case under submission, such pleading admissions have been generally excluded." *Id.* at 1159 (footnote omitted). One of the cases cited as authority for this statement was the First Circuit case of *Estate of Spinosa,* 621 F.2d 1154. Another case cited in *Garman* as support for its ruling was *Mitchell v. Fruehauf Corp.,* 568 F.2d 1139 (4th Cir.1978). In *Mitchell,* the court ruled:

Prior pleadings are admissible if such pleadings indicate that the party against whom they are admitted has adopted a position inconsistent with that in the earlier litigation. The prior suit was based on negligence, which is not inconsistent with recovery in this case, as unforeseeable misuse rather than negligence is the defense to a claim based on product liability.

*Id.* at 1147 (citation omitted).

In a case subsequent to *Garman* the Eighth Circuit pointed out that under *Garman* a statement by a party in a pleading about his own conduct which is at variance with his position in the matter being litigated should be admitted. *County of Hennepin v. AFG Industries, Inc.,* 726 F.2d 149, 153 (8th Cir.1984).

The Seventh Circuit adheres to the rule, "that the pleadings in one proceeding are admissible and cognizable as an admission in another." *Walaschek & Associates, Inc. v. Crow,* 733 F.2d 51, 54 (7th Cir.1984).

In *Williams v. Union Carbide Corp.,* 790 F.2d 552 (6th Cir.), *cert. denied,* 479 U.S. 992, 107 S.Ct. 591, 93 L.Ed.2d 592 (1986), the court held: "Pleadings in a prior case may be used as evidentiary admissions." *Id.* at 556. It relied on Fed.R. Evid. 613 (Prior Statements of Witnesses) and Fed.R.Evid. 801(d)(2). The court rejected the argument of plaintiff that the pleadings at issue were inadmissible under Fed.R.Evid. 403. It stated:

Furthermore, we can see no *unfair* prejudice in the admission of the prior allegations. The hiring of an attorney and the filing of a lawsuit are generally done with considerable thought and care. Absent unauthorized conduct on the part of the attorney, there is nothing unfair about having to explain one's past lawsuits.

*Id.* at 556 (emphasis in original).

The Fifth Circuit recognizes that, "there is a well-established rule that factual allegations in the trial court pleadings of a party in one case may be admissible in a different case as evidentiary admissions of that party...." *Hardy v. John–Mansville Sales Corp.,* 851 F.2d 742, 745 (5th Cir. 1988). It points out, however, that "there are some important exceptions to this rule." *Id.,* n. 5. In *Whatley v. Armstrong World Industries Inc.,* 861 F.2d 837, 839 (5th Cir.1988), it found that the doctrine of liberality in pleadings and allowing flexible joinder precluded the admission of inconsistent pleadings from the complaint made against defendants who had settled prior to trial.

The District of Columbia Circuit also excludes inconsistent pleadings made in third party proceedings. *Schneider v. Lockheed Aircraft Corp.,* 658 F.2d 835, 843 (D.C.Cir. 1981).

In this connection, it is to be noted that Fed.R.Civ.P. 36(b) states explicitly: "Any admission made by a party under this rule is for the purpose of the pending action only and is not an admission for any other purpose nor may it be used against the party in any other proceeding." The advisory committee notes to the 1970 amendment are pertinent:

The new provisions give an admission a conclusively binding effect for purposes only of the pending action, unless the admission is withdrawn or amended. In form and substance a Rule 36 admission is comparable to an admission in pleadings or a stipulation drafted by counsel for use at a trial, rather than to an evidentiary admission of a party.

Considering the disparate approaches to this issue, we are not disposed to lay down a flat rule admitting or excluding inconsistent allegations in a prior pleading. We think that the initial decision should be left to the discretion of the trial judge under Fed.R.Evid. 403. We have been unable to find any case holding that Fed.R.Evid. 403 cannot be invoked on this evidentiary issue. In light of the uncertain state of the law on the admissibility of prior inconsistent pleadings, this would appear to be the type of question that calls for the balancing approach under Fed.R.Evid. 403: whether the probative value of the prior pleading "is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."

█ Since the district court erred in admitting the prior pleading without balancing its probative value against its potential prejudicial effect, the next question is whether this was harmless error. Our inquiry is whether the admission of the evidence affected plaintiffs' substantial rights. 28 U.S.C. § 2111; Fed.R.Evid. 103(a). The applicable standard of review has been explained as follows:

Our standard for determining whether the admission of such evidence is harmless error is whether we can say "with fair assurance . . . that the judgment was not substantially swayed by the error. . . ." *United States v. Pisari*, 636 F.2d 855, 859 (1st Cir.1981) (quoting *Kotteakos v. United States*, 328 U.S. 750, 765, 66 S.Ct. 1239, 1248, 90 L.Ed. 1557 (1946)). The centrality of the evidence, its prejudicial effect, whether it is cumulative, the use of the evidence by counsel, and the closeness of the case are all factors which bear on this determination. 1 J. Weinstein & M. Berger, *Weinstein's Evidence* ¶ 103[06] at 103–61 to 103–63 (1982).

*Lataille v. Ponte*, 754 F.2d 33, 37 (1st Cir.1985). "This determination must be made in the context of the case as gleaned from the record as a whole." *Devasto v. Faherty*, 658 F.2d 859, 863 (1st Cir.1981);

*McKinnon v. Skil Corp.*, 638 F.2d 270, 276 (1st Cir.1981); *Garbincius v. Boston Edison Co.*, 621 F.2d 1171, 1175 (1st Cir.1980).

Based on our review of the record we cannot say that plaintiffs' substantial rights were not adversely affected. Nor can we find "with fair assurance that the judgment was not substantially swayed" by the prior pleading. The defendant's main line of defense was that the accident was caused by the negligence of the driver of the car which struck the plaintiff child. The prior pleading, therefore, could have played an important role in the jury's determination of liability. It was highlighted by defense counsel in his closing argument. Plaintiffs' evidence was sufficient for a finding of liability. Finally, we note that defendant has not argued that the admission of the pleading was harmless error.

Although the district court had discretion under Rule 403 to exclude the prior pleading, it could not properly exercise that discretion without balancing the probative value of the evidence against the potential danger of unfair prejudice. *See Linsky v. Hecker*, 753 F.2d 199, 202 (1st Cir.1985); *Staniewicz v. Beecham, Inc.*, 687 F.2d 526, 530 (1st Cir.1982). No balancing was done. The district court's statements indicate that it would have preferred an exclusionary rule, not that it had made a judgment after weighing probative value against prejudice. Under the circumstances, we can only remand for such balancing by the district court. "The balancing is committed to the district judge's judgment and will be reversed only for abuse of discretion." *United States v. Mateos–Sanchez*, 864 F.2d 232, 236 (1st Cir.1988). Under the facts and in light of the unsettled state of the law, a decision either way, after proper balancing, would not be an abuse of discretion.

We, therefore, remand to the district court for reconsideration under Fed.R.Evid. 403 of its decision to admit the prior pleading. If it decides to admit the evidence, the verdict will stand. If the evidence is excluded, there must be a new trial.

Since we do not know whether there will be a new trial or not, we address the other issues.

## II. THE EXCLUSION OF THE AMOUNT OF THE SETTLEMENT IN THE PRIOR CASE

■ After the court decided it had to admit the prior pleading, plaintiff pressed for admission of the amount of settlement ($50,000) in the state court suit. The court excluded it. The parties agree that Fed.R. Evid. 408 controls. It provides:

> Rule 408. Compromise and Offers to Compromise
>
> Evidence of (1) furnishing or offering or promising to furnish, or (2) accepting or offering or promising to accept, a valuable consideration in compromising or attempting to compromise a claim which was disputed as to either validity or amount, is not admissible to prove liability for or invalidity of the claim or its amount. Evidence of conduct or statements made in compromise negotiations is likewise not admissible. This rule does not require the exclusion of any evidence otherwise discoverable merely because it is presented in the course of compromise negotiations. This rule also does not require exclusion when the evidence if offered for another purpose, such as proving bias or prejudice of a witness, negativing a contention of undue delay, or proving an effort to obstruct a criminal investigation or prosecution.

Plaintiff argues that exclusion of the settlement amount was unfairly prejudicial in light of the admission of the prior pleading.

The only opening for admission of the settlement is in the last sentence of the Rule. This sentence, however, neither states nor suggests that unfair prejudice would be a ground for avoiding the prohibitions of the Rule. Nor can plaintiffs avail themselves of Rule 403. Even if the settlement amount were relevant and had probative value, which is highly doubtful, Rule 403 is an exclusionary rule, not one providing for the admission of evidence.

We agree with the district court that whatever opening there might be in Rule 408 for the introduction of a settlement amount, it is closed by our decision in *McInnis v. A.M.F., Inc.*, 765 F.2d 240, 247 (1st Cir.1985). We also agree with the court's reasoning in *Kennon v. Slipstreamer, Inc.*, 794 F.2d 1067, 1069–71 (5th Cir.1986), holding it reversible error to admit the amount of a settlement under facts similar to those of this case.

The district court did not err in excluding the amount of the settlement in the prior suit.

## III. THE JURY INSTRUCTIONS

■ We find no reversible error in the jury instructions. Although the instructions could have been more detailed, they reflected the pertinent Massachusetts law in language the jury could understand.

Nor do we think that the court erred in failing to give a requested instruction recognizing a presumption under Massachusetts law that if an adequate warning had been given, it would have been read and heeded. Plaintiffs rely on *Wolfe v. Ford Motor Co.*, 6 Mass.App.Ct. 346, 376 N.E.2d 143 (1978). The final word, however, comes from the Supreme Judicial Court in *Hayes v. Ariens*, 391 Mass. 407, 462 N.E.2d 273 (1984):

> We turn to the burden of proof issues raised by the plaintiffs only long enough to say that in this Commonwealth the burden is on the plaintiff in a products liability case to prove his or her allegations of injury as a result of the defendant's negligence or breach of warranty. It is immaterial whether the defendant is charged with improper design, inadequate warning, or both.... Furthermore, contrary to the plaintiffs' contentions, we do not read *Wolfe v. Ford Motor Co.*, 6 Mass.App. 346, 352, 376 N.E.2d 143 (1978), S.C., 386 Mass. 95, 434 N.E.2d 1008 (1982), or Restatement (Second) of Torts 402A comment j (1965), as favoring imposition on a defendant of the burden to prove the absence of a causal relationship between personal injuries and an inadequate warning of risk in the use of a product.

462 N.E.2d at 278. We need not engage in an extended discussion as to how much vitality *Wolfe* still has. It suffices to state

that it was not reversible error for the court to refuse to give the requested "presumption" instruction.

## IV. THE EXCLUSION OF EVIDENCE OF COLLISIONS BETWEEN OTHER AUTOMOBILES AND OTHER TRICYCLES OF THE SAME TYPE MANUFACTURED BY DEFENDANT

■ The district court did not exclude this evidence without discussing the question *in extenso* with counsel. It pointed out that there was no showing of substantial similarity of circumstances and that allowing such evidence would mean retrying other cases or parts of them resulting in confusion to the jury as well as taking a great deal of time. We agree.

Prior automobile accidents involving the same model tricycle would have little probative value. How and why such accidents happen involve a number of variables including the road conditions, speed of the automobile, ability and physical condition of the driver, as well as a myriad of other factors bearing on the view that a driver would have of the tricycle. In a products liability case other accidents involving only propensities of the vehicle itself such as the tendency to roll over, to pull to the right or left at certain speeds, or to go into an uncontrollable skid when turning a corner, would all be admissible. But prior accidents involving another actor are simply too multifaceted to be useful to the factfinder.

Vacated and remanded for further proceedings pursuant hereto.

No costs to either party.