994 F.2d 844
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Robert Jeffrey WELLS, Appellee,
v.
Denette ELDRIDGE, Dispatcher/ Matron, Carroll County Jail;
Lonnie Nichols, Sheriff of Carroll County,
Arkansas, Appellants.
 Nos. 92-2863, 92-2927, 92-3102.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: May 26, 1993.
Filed: June 2, 1993.
 
 Before FAGG, BEAM, and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Denette Eldridge, a Carroll County jailer, and Lonnie Nichols, sheriff, appeal from the judgment entered by the magistrate judge on a jury verdict in favor of former jail inmate Robert Jeffrey Wells and from the magistrate judge's order denying their motion for judgment as a matter of law or in the alternative for new trial in this action brought under 42 U.S.C. § 1983. Wells cross-appeals in the event this court decides to set aside the jury verdict, and appeals from the magistrate judge's order awarding attorney's fees. Eldridge and Nichols cross-appeal on the attorney's fee issue. After carefully reviewing the record, we affirm the judgment, but reverse the order awarding attorney's fees.
 
 
 2
 Wells filed this action against Eldridge and Nichols, alleging primarily that Eldridge sexually harassed him and that Nichols was deliberately indifferent to the harassment. The jury returned a verdict in favor of Wells against both defendants and awarded nominal damages of one dollar against each.[1] The magistrate judge denied defendants' motions for judgment as a matter of law and alternatively for a new trial, and reduced Wells's request for attorney's fees and costs.
 
 
 3
 We conclude the magistrate judge acted within her discretion in refusing to allow cross-examination of Wells regarding his prior use of aliases. See Maddox v. Patterson, 905 F.2d 1178, 1179 (8th Cir. 1990); United States v. Mansaw, 714 F.2d 785, 789 (8th Cir.), cert. denied, 464 U.S. 986 (1983). Additional evidence as to false identity likely would not have greatly affected the jury's assessment of Wells's credibility, given the fact that he admitted both on direct and cross-examination to having been previously convicted of robbery, forgery, and theft.
 
 
 4
 We also conclude the magistrate judge did not abuse her discretion in permitting former jail inmate Trowbridge to testify, although Wells had named him as a witness two days before trial in contravention of the pretrial order. See Sterkel v. Fruehauf Corp., 975 F.2d 528, 532 (8th Cir. 1992). The magistrate judge also did not abuse her discretion in permitting Trowbridge's testimony about his sexual assault by another inmate after the events at issue here. See Smith v. Firestone Tire & Rubber Co., 755 F.2d 129, 134 (8th Cir. 1985). The testimony was relevant to show how the sheriff and his staff handled inmates' complaints.
 
 
 5
 We reject defendants' argument that the magistrate judge erred in refusing to allow them to cross-examine Wells about the amount of damages for future mental anguish that he had initially claimed in his pro se complaint, but which he abandoned at trial. See Garman v. Griffin, 666 F.2d 1156, 1158 (8th Cir. 1981). We also reject defendants' argument that the magistrate judge admitted the report of Eldridge's psychological evaluation to establish the truth of the matter asserted. The record shows the magistrate judge admitted the evaluation to show knowledge on the part of Nichols-that he knew or had reason to know that Eldridge should not be in charge of male inmates. The evaluation was relevant to Nichols's knowledge and was not prejudicial.
 
 
 6
 We conclude the magistrate judge properly denied defendants' motions for judgment as a matter of law regarding sexual harassment by Eldridge and deliberate indifference to the harassment by Nichols. See White v. Pence, 961 F.2d 776, 779 (8th Cir. 1992). All the evidence did not support defendants' position. We do not address defendants' argument that there was insufficient evidence of pain to establish an Eighth Amendment violation against Eldridge because the magistrate judge did not instruct the jury under the Eighth Amendment as to sexual harassment of Wells by Eldridge. We agree with the magistrate judge that the jury did not reach a seriously erroneous result and thus, that defendants were not entitled to a new trial. See id. at 780.
 
 
 7
 Finally, we reverse the award of attorney's fees because we conclude the nominal damages award indicates a de minimis victory for which fees should not be awarded under Farrar v. Hobby, 113 S. Ct. 566 (1992). Although Wells abandoned during trial his damages claim for future mental anguish, he initially sought more than $1 million in compensatory and punitive damages. We do not address Wells's alternative arguments raised on cross-appeal.
 
 
 8
 Accordingly, we affirm the judgment of the district court, and reverse the order awarding attorney's fees and costs.
 
 
 
 [1]
 Although the jury returned a verdict against Wells on the claim relating to the removal of his trusty status, Wells has not raised this issue by cross-appeal