25 F.3d 1037
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
Geraldine FOX, et al., Plaintiffs, Appellees,
v.
SOUTHEAST TRANSPORT INC., A/K/A Bill Matt Enterprises,
Defendant, Appellant.
 No. 94-1038
 United States Court of Appeals,
First Circuit.
 June 3. 1994
 
 APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [[Hon. Mark L. Wolf, U.S. District Judge ]
 Steven J. Marullo on brief for appellant.
 Gary H. Goldberg on brief for appellees.
 Before Torruella, Selya and Cyr, Circuit Judges.
 Per Curiam.
 
 
 1
 Appellant Southeast Transport Corporation appeals a judgment by the United States District Court for the District of Massachusetts in the amount of $15,000 for appellee Geraldine Fox and in the amount of $20,000 for appellee Melinda St. John, and the award to appellees of reasonable attorneys' fees. We summarily affirm.
 
 
 2
 * Fox and St. John were hired by appellant as truck drivers in June 1988. They were both terminated on August 11 of the same year. In 1989, appellees brought suit alleging that appellant had discriminated against each "based upon her sex in the terms and conditions of her employment by creating a hostile, offensive and abusive work environment and terminating her employment" in violation of 42 U.S.C. Sec. 2000e and Mass. Gen. L. ch. 151B. In July 1991, the court entered a default judgment against defendant, pursuant to Fed. R. Civ. P. 55(a). The court then conducted an evidentiary hearing to determine the amount to be awarded to each appellee in damages. Fed. R. Civ. P. 55(b)(2).
 
 
 3
 Plaintiffs sought damages for emotional distress on their Mass. Gen. L. ch. 151B claim. They also requested reasonable attorneys' fees. Each of the appellees testified at the hearing, as did two witnesses for the defendant. The court detailed its findings and conclusions in a memorandum and order dated December 9, 1993.
 
 
 4
 On appeal, appellant asserts two assignments of error. First, appellant claims that certain testimony received by the court at the evidentiary hearing should have been barred as hearsay, pursuant to the Federal Rules of Evidence, which appellant contends apply to hearings pursuant to Fed. R. Civ. P. 55(b). Second, appellant contends that there was insufficient evidence presented to sustain the award of damages to each appellee.
 
 II
 
 5
 Once the default judgment had entered, it was established, as alleged in the complaint, that the appellant had discriminated against the appellees both by creating a hostile work environment and by terminating their employment because they were women. See Riehle v. Margolies, 279 U.S. 218, 225 (1929). Therefore, the only issue to be decided at the Rule 55(b)(2) hearing was the amount of damages to which appellees were entitled as a result of appellant's illegal conduct. See Jones v. Winnepesaukee Realty, 990 F.2d 1, 4 (1st Cir. 1993).
 
 
 6
 In its memorandum and order, the court, as required, stated its findings of fact and conclusions. See Brown v. Kenron Aluminum & Glass Corp., 477 F.2d 526, 530-31 (8th Cir. 1973); Foxtrap, Inc. v. Foxtrap, Inc., 671 F.2d 636, 638 n. 1 (D.C. Cir. 1982). The court found that appellees were credible witnesses. It also concluded, based in part on its assessment of credibility, that the appellees had suffered "significant emotional distress" because of specific illegal conduct by the appellant and, therefore, were entitled to damages under Mass. Gen. L. ch. 151B. See Buckley Nursing Home, Inc. v. Massachusetts Comm'n Against Discrimination, 20 Mass. App. Ct. 172, 182, 478 N.E.2d 1292, 1299 (an award of emotional distress damages under ch. 151B can be sustained by finding of discrimination alone even in the absence of physical injury or psychiatric consultation), review denied, 395 Mass. 1103, 482 N.E.2d 328 (1985).
 
 
 7
 Having read the whole of the record, we find no reversible error in any of the factual findings or conclusions of the district court. See Cumpiano v. Banco Santander Puerto Rico, 902 F.2d 148, 152 (1st Cir. 1990) (an appellate court "ought not to upset findings of fact or conclusions drawn therefrom unless, on the whole of the record, [the appellate judges] form a strong, unyielding belief that a mistake has been made"). Furthermore, in light of the court's findings and given that damages for emotional distress are "not easily computed and, therefore, ... extremely fact-sensitive," we find no abuse of discretion in the court's assessment of damages in this case. Jones, 990 F.2d at 5 (upholding an award for emotional damages based mainly on defendant's statement of damages and sworn testimony).
 
 
 8
 Finally, we find no evidence, and appellant has called our attention to none, which would indicate that the court, in its factual findings and conclusions, explicitly or implicitly relied on any of the statements alleged to be hearsay. Therefore, even if we were to assume arguendo both that the Federal Rules of Evidence apply to a hearing to determine damages and that the testimony challenged by appellant was inadmissible hearsay, any error in the admission which may have occurred was harmless. See Vincent v. Louis Marx & Co., 874 F.2d 36, 41 (1st Cir. 1989) (admission of evidence harmless when appellate court can say "with fair assurance ... that the judgment was not substantially swayed by the error") (citations omitted).
 
 
 9
 Affirmed. See 1st Cir. Loc. R. 27.1.