Alexander STANIEWICZ, Plaintiff-Appellant,

v.

BEECHAM, INC., Defendant-Appellee.

No. 81–1543.

United States Court of Appeals, First Circuit.

Argued May 3, 1982.

Decided Sept. 1, 1982.

Walter G. Bilowz, Boston, Mass., for plaintiff-appellant.

Douglas F. Seaver, Boston, Mass., with whom Dexter L. Kenfield, and Gaston Snow & Ely Bartlett, Boston, Mass., were on brief, for defendant-appellee.

Before COFFIN, Chief Judge, PHILLIPS, Senior Circuit Judge,* CAMPBELL, Circuit Judge.

PHILLIPS, Senior Circuit Judge.

This case involves an alleged violation of the Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C. § 621 et seq., arising out of the resignation of the appellant, a 52 year old salesman at the time of the termination of his employment. He charges that his resignation was forced by his employer.

This case was tried to a jury before District Judge A. David Mazzone of the District of Massachusetts. The jury returned a verdict in favor of the defendant and plaintiff appeals. We affirm.

I

Appellee Beecham, Inc. (Beecham) through its Beecham Laboratories division, manufactures and sells prescription and nonprescription pharmaceuticals in the United States. Beecham is a subsidiary of the Beecham Group Limited, a British Corporation.

In 1971 Beecham acquired Massengill Company and retained Massengill's existing sales force, which included appellant Staniewicz, who had been a Massengill salesman for 18 years.

At the time of the events giving rise to this action, appellant was responsible for sales in a territory including portions of greater Boston. His duties included calling

* Of the Sixth Circuit, sitting by designation.

on physicians and selling them prescription drugs.

In late 1975 appellant's district manager and immediate supervisor noticed a decrease over several months in appellant's sales of the most profitable items of Beecham. It was decided to ascertain whether appellant had been devoting his full attention to promoting Beecham products. A telephone audit was conducted of the doctors' offices listed on reports filed by appellant with Beecham. These reports listed the names of physicians whom appellant claimed to have visited and the dates of the visits. The telephone audit revealed that many of the visits reported by appellant in fact had not been made. The district manager then made personal sales visits to offices of some of the physicians listed, for the ostensible purpose of selling Beecham products. In these visits the district manager mentioned the name of appellant. He was informed that appellant had not made recent calls upon the offices of the physicians nor had he called on the dates listed or during the time periods covered by his reports.

The district manager then scheduled a "correction interview" with appellant, attended by two Beecham officials. Defense witnesses testified that appellant admitted at this conference that he had falsified his call reports and that many times he had reported calling on physicians "when I actually hadn't." The same witness testified that appellant disclosed at this conference that he is a licensed pharmacist and had been working for a pharmacy in which he had a financial interest during times when he was supposed to be working for Beecham. Appellant's supervisor testified that appellant was then asked to sign a "correction form" indicating that he had not made the calls claimed; he was also told that Beecham wanted him to continue working, but that he would have to work full eight hour days. The appellant declined to sign the form. Appellant then suggested that

he resign instead. His supervisor protested, stating that this was not the purpose of the meeting. Appellant insisted upon resigning but requested that he be permitted to make his resignation effective three weeks later, in April, so that he could qualify for a quarterly bonus for that fiscal year. The Beecham officials agreed and appellant then wrote out his resignation.[1]

## II

■ The burden of establishing that he was discharged because of age is on appellant. In age discrimination cases, the plaintiff bears the burden of persuasion, and must prove that age was a determining factor in the discharge decision of the employer, such that " 'but for' his employer's motive to discriminate against him because of age, he would not have been discharged." *Loeb v. Textron, Inc.*, 600 F.2d 1003, 1019 (1st Cir. 1979); *see generally* Annotation, "Proving that Discharge was Because of Age for Purposes of Age Discrimination Act," 58 A.L.R. Fed. 94 (1982).

On appeal, appellant does not argue that the evidence summarized above could not support the verdict of the jury. Instead he alleges that certain rulings of the trial judge impeded the presentation and development of his theory that the defendant was pursuing a general policy of seeking and hiring younger employees, and that this policy improperly motivated the defendant to discharge him because of his age. Specifically, appellant urges the following three grounds for reversal:

(1) The district court erred in refusing to admit into evidence the magazine *Beecham Review* # 10 which contained an article entitled "The Young Lions Join the Praetorian Guard";

(2) The court committed reversible error in allowing the testimony of appellant's supervisor as to the results of his telephone audit of the doctors' offices appellant claimed to have visited;

1. This summary is based upon testimony of defense witnesses. Appellant does not pose or refer to any alternative version of this meeting.

(3) The district judge erred in his charge to the jury and in failing to instruct the jury as to the provisions of 29 U.S.C. § 623(a)(2).[2]

### III

We address first the admissibility of the magazine article. The article attributed the great success of the Beecham sales force to a policy of recruiting either recent college graduates or proven sales people without experience in pharmaceuticals marketing, and of having them learn and profit from the seasoned, experienced sales people who had been with Beecham for several years. The article highlighted the youth and prior inexperience of several new and successful sales people, but noted that Beecham's top sales people were still those who had been with the company for many years. The article concluded in the following fashion:

> The problem for Beecham Laboratories over the last four years has been how to expand its sales force without diluting the quality of this experienced nucleus; and the answer has turned out to be that seasoned professionals and raw recruits make a formidable combination.
>
> \*    \*    \*    \*    \*    \*
>
> If proof were needed that the wisdom of age and the dynamism of youth can coalesce successfully, this is surely it.

The appellant sought to introduce the article under Fed.R.Evid. 801(d)(2) as an "admission" of Beecham that it was pursuing a "youth cult." The appellee argued that the article was hearsay, because the author was not an employee or agent of Beecham, and the article contained only statements by the author, who was employed by the parent to edit the magazine, and was not empowered to determine the recruitment policies of the American subsidiaries of the Beecham Group.

The district judge conducted a hearing to determine whether the article was admissible. The evidence disclosed that the article was written by Ron Stevens, an employee of the Beecham Group who was responsible for publishing the *Beecham Review*. About 650 copies of each edition were sent by the parent corporation to Beecham, Inc., and the latter company routinely distributed these copies to its personnel as a courtesy to both the parent and the employees. Stevens interviewed, among others, two management employees of Beecham, the manpower development manager and the vice president of sales and marketing. The specific topic and content of the article were developed after these interviews and were not discussed with these two officials. The article was not submitted to them for prior approval, nor did Beecham have any right of censorship. The article contained no quotations at all, and no statements were attributed directly to the two Beecham officials. The writing throughout is straightforward declaratory prose, with no quotations and with no indications of which of many possible sources provided which information.

The district judge found that the article was a statement by Mr. Stevens that was not based on first-hand knowledge and would not be subject to cross-examination, and that it was neither intended nor adopted by Beecham as a statement of company policy. He also found that the article was not an "admission" because it was not indicative of any illegal intent of the defendant in its hiring or firing practices. Judge Mazzone noted that the article referred to the hiring of young people but that it also made explicit reference to the benefits of having older and more experienced sales people in the force, and then found that the article was not probative in general on the issue of appellant's termination. He also found that "there is too great a danger in this case that the jury would look at a document like

---

**2.**   29 U.S.C. § 623(a)(2) provides:

(a) It shall be unlawful for an employer—

\*    \*    \*    \*    \*    \*

(2) to limit, segregate, or classify his employees in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's age. . . .

this as the answer because it is written so well when all it is is an article which describes the development of an effective sales force." For these reasons the district judge found the article not to be admissible.

This same article has been excluded as hearsay in another age discrimination suit brought against the same defendant. *See Needham v. Beecham, Inc.*, 515 F.Supp. 460, 470 n. 13 (D.Me.1981). Chief Judge Edward T. Gignoux of the District of Maine stated:

Plaintiff, however, was in no way prejudiced by this ruling. Although the article discusses defendant's policy of *recruiting* young salesmen, it specifically emphasizes defendant's desire to *retain* experienced older salesmen in order to achieve a well-balanced sales force.

■ This court has held that a statement need not be against interest to be admissible under Fed.R.Evid. 801(d)(2), when it is made by a party-opponent. *United States v. Barletta*, 652 F.2d 218, 219 (1st Cir. 1981); *United States v. Rios Ruiz*, 579 F.2d 670, 676 (1st Cir. 1978). We need not decide, however, whether this statement by an author employed by a parent corporation to publish a company-wide magazine about the company and its products will be deemed to have been authorized or adopted by the subsidiary, and thus not hearsay under Fed. R.Evid. 801(d)(2)(B) or (C). *Compare Zenith Radio Corp. v. Matsushita Electric Industrial Co.*, 505 F.Supp. 1190, 1247–48 (E.D.Pa.1980) (applying agency principles to relationship between parent and subsidiary corporations to determine whether statement of subsidiary can be admitted against parent). We find that the district judge did not abuse his discretion under Fed.R.Evid. 403 in determining that the risk of prejudice outweighed the weak probity of this evidence. Broad discretion is vested in the trial judge to determine whether the risk of unfair prejudice substantially outweighs the probative value of the proffered evidence. *United States v. Barletta, supra*, 652 F.2d at 220; *United States v. D'Alora*, 585 F.2d 16 (1st Cir. 1978); *United States v. Hopkinson*, 492 F.2d 1041, 1043 (1st Cir. 1974). Given the relatively weak probity of

this proffered evidence on the issue of the motivation of defendant in allegedly forcing the plaintiff to resign at the correction interview, it is unlikely that any substantial rights of the plaintiff would have been affected, even if this ruling were error. Fed. R.Evid. 103.

The article involved in the present case differs substantially from the article at issue in the case principally relied upon by appellant, *Robb v. Chemetron Corp.*, 17 Fair Emp.Prac.Cas. (BNA) 1535. In that case the court found proof of intent to discriminate partly on the basis of statements in a magazine article written by the Chairman of the Board and President of the defendant corporation. These statements were direct quotations of the company President who also testified by way of deposition in the case. The defendant's marketing department distributed copies of the article with a note attached, calling attention to the article as expressing the views of the President of the company on the subject of age and youth in management personnel. The quotations referred to the explicit policy of the corporation to lower the age of managers and to "eliminate senior managers who have outlived their corporate youthfulness so that new younger men can be inserted into management positions." *Id.* at 1537. None of these factors exist in the "Young Lions" article involved in the present case. We, therefore, find no reversible error in the exclusion of the article.

## IV

■ We also hold that the district judge did not err in admitting testimony concerning the results of the audit of appellant's claimed sales contacts with physicians. Appellee correctly argues that these statements and the notes supporting them were not hearsay as defined by Fed.R.Evid. 801(c), because they were not offered for the truth of the matter asserted therein. Instead they were offered to show Beecham's intent in calling the meeting with appellant which ultimately resulted in the resignation of appellant. The motive of defendant is the central issue in an age

discrimination case, and it is necessary for the defendant to establish a "legitimate, non-discriminatory reason" for meeting with plaintiff. *Loeb v. Textron, Inc.*, 600 F.2d 1003, 1011, 1014–19 (1st Cir. 1979).

■ Appellant complained that the district court erred in admitting this evidence without a limiting instruction. The quick answer to this contention is that appellant waived any objection to the lack of instruction by his failure to make a timely request for a limiting instruction. *Dente v. Riddell, Inc.*, 664 F.2d 1, 6 n. 5 (1st Cir. 1981); *United States v. Barrett*, 539 F.2d 244, 249 (1st Cir. 1976); Fed.R.Evid. 105.

■ As to appellant's third contention, we hold that the district court did not err in failing to give an instruction to the jury on the basis of 29 U.S.C. § 623(a)(2), relating to a classification of employees so as to limit their rights because of age, because there was no evidence in the record to require or support such an instruction. The theory of the appellant regarding Beecham's alleged pattern and practice of discrimination by age, and the significance of appellant's evidence on the ages of Beecham's new hirees were well encompassed in the instructions of the judge as a whole. We find no reversible error in the charge to the jury when read in its entirety.

All other contentions made by appellant have been considered and found to be without merit.

The judgment of the district court is affirmed. No costs are taxed. The parties will bear their own costs on this appeal.