UNITED STATES of America, Appellee,

v.

Anthony KADOUH a/k/a Toufic
Ibrahim Kadouh, Defendant,
Appellant.

No. 84–1823.

United States Court of Appeals,
First Circuit.

Argued June 4, 1985.

Decided July 24, 1985.

Bruce E. Colton, Springfield, Mass., by appointment of the Court, for defendant, appellant.

Henry L. Rigali, Asst. U.S. Atty., Boston, Mass., with whom William F. Weld, U.S. Atty., Boston, Mass., was on brief, for appellee.

Before CAMPBELL, Chief Judge, and DAVIS * and TORRUELLA, Circuit Judges.

TORRUELLA, Circuit Judge.

On May 30, 1984 a federal grand jury returned a four-count indictment charging Anthony Kadouh (appellant) with importation of heroin and aiding and abetting in the importation of heroin in violation of 21 U.S.C. §§ 952(a) and 960(a)(1), and 18 U.S.C. § 2; importation of heroin in violation of 21 U.S.C. § 963; conspiracy to possess with intent to distribute and distribution of heroin in violation of 21 U.S.C. § 841(a)(1) and 846; and, distribution of heroin and aiding and abetting in the distribution of heroin in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. A jury found him guilty of all counts and thereafter, on September 10, 1984, he was sentenced to a term of imprisonment of eight years and a five-year special parole term. The main issue here is whether the district court erred in admitting testimony about appellant's involvement with cocaine. We affirm.

* Of the Federal Circuit, sitting by designation.

During trial, the district court had allowed into evidence the testimony of two government witnesses regarding appellant's involvement with cocaine which testimony was not objected to. The testimony was obtained by the government from a codefendant named Paul Braz, and by defense counsel during the cross-examination of John Salem, another codefendant. Braz testified that Kadouh had once asked him for cocaine, and that he had delivered the cocaine to appellant at the residence of Madri Masri, a codefendant in the instant case. Under questioning by defense counsel, Salem testified that appellant had once used cocaine in his presence. The government neither requested nor received testimony from Salem pertaining to appellant's use of cocaine.

The government, however, did cross-examine appellant, who testified in his own defense as to whether or not he used cocaine and about the frequency with which he used it. Appellant testified that he was an occasional user of cocaine. The prosecutor also asked Kadouh if he was familiar with, and had ever done, cocaine "free-basing." In addition, the government asked Kadouh, this time over objection from defense counsel, if he had ever bought cocaine with his money and about how much money he had paid for the cocaine. After the district judge overruled the objection, appellant stated that he occasionally bought cocaine with his money and testified about how much he had paid for the substance.

Appellant argues that the district court committed reversible error in allowing testimony regarding his involvement with cocaine. The government contends that the testimony was properly admitted under Fed.R.Evid. 404(b) to show motive.

■ Fed.R.Evid. 404(b) allows admission of evidence of other crimes or wrong-

ful conduct to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."[1] The procedure for the admission of evidence under Rule 404(b) was delineated in *United States v. Maldonado-Medina*, 761 F.2d 12, 15 (1st Cir.1985). The first step is to determine whether the evidence has some "special" probative value that would show, for example, a defendant's motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. *Id.* at 15. Here, the "special" probative value of the testimony was to show that appellant, who was unemployed at the time the offenses were committed, used cocaine, an expensive substance, and that trafficking in heroin could provide the money to buy it. This is certainly evidence from which a jury could reasonably find "motive" to commit the crimes charged. *See United States v. Jackson*, 576 F.2d 46, 49 (5th Cir.1978) (in prosecution for illegally dispensing controlled substances, evidence of 5,000 prescriptions for methaqualone that did not relate to any charged counts properly admitted to show that after doctor had lost surgical privileges at two hospitals he had gone into business of selling street drugs in order to maintain his income).

The second step to admit evidence under Fed.R.Evid. 404(b) involves a balancing process: the district judge must balance the probative value of the evidence against possible prejudice. *United States v. Maldonado-Medina, supra*, at 15. This is a responsibility committed to the judge's broad discretion. *Id.; see also United States v. Morris*, 700 F.2d 427, 431 (1st Cir.), *cert. denied*, 461 U.S. 947, 103 S.Ct. 2128, 77 L.Ed.2d 1306 (1983). The record here shows the district court did not abuse its discretion.

First, the defendant generally failed to object to the introduction of the cocaine

---

1. Fed.R.Evid. 404(b) provides:
   Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be

admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

**22**

testimony. Indeed, he repeatedly induced such testimony through cross-examination. *See United States v. Cyphers*, 553 F.2d 1064, 1070 (7th Cir.), *cert. denied*, 434 U.S. 843, 98 S.Ct. 142, 54 L.Ed.2d 107 (1977). Second, the evidence against appellant can fairly be characterized as overwhelming. Given the strength of the evidence against Kadouh and the massive quantity of heroin involved in this case, the remarks concerning the defendant's use of cocaine would seem to have little prejudicial effect. *United States v. Snowden*, 735 F.2d 1310, 1314 (11th Cir.1984). Finally, the judge offered limiting instructions expressly noting that the defendant was not on trial for cocaine. *See United States v. Moccia*, 681 F.2d 61, 63 (1st Cir.1982). In short, the court was entitled to conclude that the probative value of the evidence exceeded its possible prejudice. Therefore, it did not err in allowing the jury to hear the cocaine-related testimony under Fed.R.Evid. 404(b).

Appellant's remaining argument lacks merit. Accordingly, the judgment of the district court is affirmed.

*Affirmed.*