**UNITED STATES of America, Appellee,**

v.

**Manuel L. MATEOS–SANCHEZ,
Defendant, Appellant.**

**No. 87–2012.**

United States Court of Appeals,
First Circuit.

Heard Oct. 4, 1988.
Decided Dec. 29, 1988.

Munoz Marin International Airport at Carolina, Puerto Rico on April 29, 1987. Appellant seeks reversal of his conviction by jury trial in district court for the possession, importation and intent to distribute approximately three (3) pounds of cocaine.

Appellant raises five issues on appeal: (1) whether the district court committed reversible error by allowing the prosecutor to question the defendant about his use of drugs and about his possession of a small amount of marijuana at the time of arrest; (2) whether there was sufficient evidence to support the conviction; (3) whether in-transit passengers should be subject to search without some level of suspicion; (4) whether the district court's denial of the defense attorney's motion for travel expenses prevented the defendant from receiving a fair trial; and (5) whether the prosecutor's comments during closing arguments were calculated to inflame the jury and resulted in prejudice to the defendant. We affirm the conviction.

## I. BACKGROUND

Appellant, a citizen of Spain, was en route from Bogata, Colombia to Madrid, Spain when his plane, Avianca Airlines Flight 10, made a scheduled stop at Puerto Rico on April 29, 1987. After disembarking from the aircraft and while walking to a passenger waiting area at the airport, appellant drew the attention of a United States Customs official who stopped and questioned him. Finding appellant's answers to be suspicious, the customs official conducted a search of his handbag. A total of approximately three (3) pounds of cocaine was discovered within the dividers of the handbag and within the covers of a photo album which was part of the contents of the handbag.

Appellant denied knowledge of the cocaine and declared that he was carrying the handbag at the request of an unidentified woman whom he had met at the airport in Colombia. The woman allegedly gave him the handbag so that it might be safely

Joyce Frank with whom Leonard Kopelman, Boston, Mass., by Appointment of the Court, Sondra M. Korman, Cambridge, Mass., and Kopelman and Paige, P.C., Boston, Mass., were on brief for defendant, appellant.

Luis A. Plaza, Asst. U.S. Atty., with whom Daniel F. Lopez–Romo, U.S. Atty., and Warren Vazquez, Asst. U.S. Atty., Criminal Div., Hato Rey, P.R., were on brief for appellee.

Before BOWNES and BREYER, Circuit Judges, and BROWN,* Senior Circuit Judge.

BOWNES, Circuit Judge.

This appeal arises from the arrest of the defendant-appellant, Manuel L. Mateos–Sanchez, a citizen of Spain, at the Luis

* Of the Fifth Circuit, sitting by designation.

carried to another unidentified person in Spain.

Customs officials also searched appellant's suitcase and found a small quantity of marijuana. Although the appellant admitted possession of the marijuana, he stated that it was a gift from friends in Colombia and that it was not for his personal use.

On April 30, 1987, appellant was indicted for violations of 21 U.S.C. §§ 952(a), 841(a)(1), and 955. The indictment alleged that he: 1) did import into the customs territory of the United States, from a place outside thereof, approximately three (3) pounds of cocaine; 2) did possess with intent to distribute approximately three (3) pounds of cocaine; and 3) did possess on board an aircraft approximately three (3) pounds of cocaine. There was no charge in the indictment based upon the discovery of the marijuana.

## II. THE MARIJUANA EVIDENCE

Appellant contends that the district court committed reversible error by allowing the prosecutor to question the defendant about his use of drugs. He further argues that the error was compounded by allowing the answer to the question to be used as the basis for introducing otherwise inadmissible testimony about his possession of a small amount of marijuana at the time of arrest, and the admission of the marijuana itself as an exhibit.

No mention was made during the prosecution's case-in-chief of the marijuana found in the defendant's suitcase. But, when the defendant was being cross-examined, the prosecutor asked:

And of course, you don't use drugs?

This question elicited the following response:

DEFENSE COUNSEL: Objection, Your Honor.

THE WITNESS: No. sir.

THE COURT: Overruled.

The prosecutor resumed cross-examination with the following sequence resulting:

MR. PLAZA: Okay. You remember, sir, that also you brought, as part of your baggage, another suitcase?

DEFENSE COUNSEL: I will object, Your Honor. Could we approach the bench? (Counsel approached the bench.)

DEFENSE COUNSEL: Your Honor, Brother Counsel Plaza is trying to bring into evidence the marijuana that was not charged in the indictment, for personal use or whatever reason he has in the luggage. However, whatever use he had it there, that could be charged, it was not charged in the indictment. We are not here—we're not putting and we never put into the direct examination the character. The only way Brother Counsel Plaza can bring that will be under 404(b), which also states that you have to refer to 403; 403 clearly establishes, Your Honor, that circumstantial evidence about character is extremely prejudicial to any person whatsoever.

This is not facts. It doesn't have anything to do with the facts whatsoever. Whatsoever was charged in the indictment. And the character is not one of the elements or a defense in the case.

THE COURT: Unfortunately, you're right. You're a hundred percent right except he asked him you don't use drugs, and he said no. So, now all of a sudden it becomes an issue of his credibility.

In addition to the testimony of marijuana possession, the court allowed the prosecutor to put in evidence the packet of marijuana taken from defendant's suitcase. No limiting instruction was requested or given at the time. Defense counsel did not request any final jury instructions on this point, and he did not object to the failure of the court to include a limiting instruction in the jury charge.

■ We first determine whether the prosecutor's initial question regarding the defendant's use of drugs should have been excluded. Appellant argues that the question could not be allowed to show character

under Fed.R.Evid. 404(a)[1] because character had not been made an issue by the accused. He further argues that the question could not have been asked to prove motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident under Fed.R.Evid. 404(b)[2] because it was more prejudicial than probative and could not pass the required balancing test under Fed.R.Evid. 403.[3]

Rule 404(a) states that evidence of a person's character or a trait of his character is not admissible for purposes of proving that he acted in conformity therewith on a particular occasion, except that evidence of a pertinent trait of his character may be offered by an accused or by the prosecution to rebut the same. Evidence of a character trait was not offered by the defendant. Therefore, the question in regard to the defendant's prior drug use could not have found legitimate foundation in Rule 404(a).

Although the trial record does not disclose the basis of the defense attorney's objection[4] or the reasoning of the trial judge in overruling the objection, the question as to whether the defendant used drugs may have been admissible under Rule 404(b). Rule 404(b) provides that although evidence of other crimes, wrongs and acts is not admissible to prove character of a person, it may be admissible for other purposes, such as proof of motive, knowledge or absence of mistake or accident. We have held that where a past bad act is relevant only because it shows bad character, Rule 404(b) automatically excludes the evidence. *United States v. Rubio–Estrada*, 857 F.2d 845, 846 (1st Cir. 1988). But, past bad acts which are also relevant in any other way which does not involve character are not automatically excluded from evidence and will be admitted unless substantially outweighed by the risks of prejudice, confusion or waste of time. *Id.* at 847 (citing J. Weinstein & M. Berger, 2 *Weinstein's Evidence* § 404[08]; 1 *Weinstein's Evidence* § 403[01]–[04]).

The question regarding the use of drugs was probative. Because the defendant was charged with possession and intent to distribute narcotics, a knowledge of whether he used drugs could aid the jury in assessing guilt. The defendant's personal use of drugs could be particularly probative of motive, knowledge or absence of mistake or accident.

■ Having determined that the question was probative, the issue then becomes whether its probative value was substantially outweighed by prejudice to the defendant. The trial court has considerable leeway in balancing the legitimate probative value that such evidence may have against its potential prejudicial effect. *United States v. Simon*, 842 F.2d 552, 555 (1st Cir.1988); *United States v. Crocker*, 788 F.2d 802, 804 (1st Cir.1986). The trial court, as a first step, determines whether the evidence has some special probative value as to any of the factors listed in Rule 404(b). *United States v. Scelzo*, 810 F.2d 2, 4 (1st Cir.1987); *United States v. Kadouh*, 768 F.2d 20, 21 (1st Cir.1985). As a second step, the judge balances the proba-

---

1. Fed.R.Evid. 404(a) states in pertinent part:

   (a) *Character evidence generally.* Evidence of a person's character or a trait of character is not admissible for the purpose of proving action in conformity therewith on a particular occasion, except:

   (1) *Character of accused.* Evidence of a pertinent trait of character offered by an accused, or by the prosecution to rebut the same;

2. Fed.R.Evid. 404(b) states:

   (b) *Other crimes, wrongs, or acts.* Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

3. Fed.R.Evid. 403 states:

   Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time or needless presentation of cumulative evidence.

4. Appellant's brief states: "[I]t is apparent from the record that defense counsel's objection to this question was based on Fed.R.Evidence 404(b), the rule prohibiting the admission of prior bad acts."

tive value against prejudice to the defendant. *Id.* The balancing is committed to the district court judge's judgment and will be reversed only for abuse of discretion. *Id.*

Although prejudice may have resulted from the defendant's answer, the court was entitled to conclude that the probative value of the evidence was not substantially outweighed by its possible prejudice. It was within the district court judge's discretion to make such a Rule 403 determination. Under the circumstances of this case, the district court judge did not abuse his discretion in allowing the prosecutor to question the defendant in regard to his personal use of drugs.

■ The more difficult issue arises as a result of the answer to this first question. Upon the defendant's denial of the use of drugs, the prosecutor sought to impeach the defendant by showing that marijuana had been discovered in his suitcase at the time of arrest and by introducing the packet of marijuana into evidence.

When the prosecutor inquired about the defendant's luggage, the defense attorney offered a timely objection expressly based upon Rules 404(b) and 403, alleging that the prosecutor was "trying to bring into evidence the marijuana" and that this was improper because it was "extremely prejudicial." In response, the district court judge said: "Unfortunately, you're right. You're a hundred percent right except that he asked him, you don't use drugs, and he said no. So, now all of a sudden it becomes an issue of his credibility."

Appellant would have us interpret the comments of the trial judge as a reconsideration of his ruling on the prior question of the defendant's drug use. But, our reading of the trial record, particularly the comments of the judge at the bench conference with counsel, leads us to conclude that the judge meant that it was the marijuana testimony, not the previous admission of drug use, that would be inadmissible under Rule 404(b).

The district court made the Rule 403 balancing test at that time and ruled that the marijuana testimony could not come into evidence under Rule 404(b). The district court then ruled that the marijuana testimony was admissible because it went to the issue of defendant's credibility. Although no evidentiary rule was specified, the use of extrinsic evidence to attack credibility is controlled by Rule 608(b)[5] and is limited to specific acts of conduct.

The district court's discretion under Rule 608(b), while not unlimited, is very substantial. *United States v. Fortes,* 619 F.2d 108, 118 (1st Cir.1980); *United States v. Nogueira,* 585 F.2d 23, 25 (1st Cir.1978). Rule 608(b) has been worded specifically to emphasize the discretionary power of the trial judge. *Fortes,* 619 F.2d at 118.

Because Rule 608(b) allows cross-examination on particular instances of conduct by the witness, "the possibilities of abuse are substantial." Advisory Committee Notes to Fed.R.Evid. 608(b), Subdivision (b)(2). To protect against abuse, specific instances of conduct inquired into must be clearly probative of truthfulness or its opposite and must not be remote in time. *Id.* Since defendant denied any personal use of drugs, it was clearly probative to raise the issue of the marijuana which he had in his suitcase, and possessing marijuana at the time of arrest cannot be considered remote in time.

Like Rule 404(b), Rule 608(b) is subject to the over-arching protection of Rule 403 which requires that the probative value not be substantially outweighed by danger of unfair prejudice. But the fact that evidence may be excluded by a Rule 403

---

5. Fed.R.Evid. 608(b) states:
   *Specific instances of conduct.* Specific instances of conduct of a witness, for the purpose of attacking or supporting the witness' credibility, other than conviction of crime as provided in Rule 609, may not be proved by extrinsic evidence. They may, however, in the discretion of the court, if probative of truthfulness or untruthfulness, be inquired into on cross-examination of the witness (1) concerning the witness' character for truthfulness, or (2) concerning the character for truthfulness or untruthfulness of another witness as to which character the witness being cross examined has testified.

analysis applied to one rule does not necessarily mean that it must be excluded under all others. The ultimate goals of the rules of evidence are best served by not reading any rule in isolation. *Smith Grading and Paving, Inc.,* 760 F.2d at 531.[6]

The defendant puts his credibility at issue when he takes the stand. "The Federal Rules of Evidence clearly allow a witness to be impeached with prior instances of conduct probative of truthfulness or untruthfulness." *United States v. Covelli,* 738 F.2d 847, 856 (7th Cir.), *cert. denied,* 469 U.S. 867, 105 S.Ct. 211, 83 L.Ed.2d 141 (1984). The defendant denied knowledge of the cocaine in his suitcase and his credibility was a central issue in the trial. Evidence of the defendant's truthfulness or untruthfulness was highly probative.

Although this is a close question, we do not find that the trial judge ignored his balancing duties under Rule 403 by permitting the introduction of the marijuana testimony. Even though its prejudicial effect may have weighed against admission under Rule 404(b), the judge was within the bounds of his discretion by ruling that the scale tipped in the other direction when the probative value included impeachment of the defendant's credibility under Rule 608(b).

■ The prosecutor introduced the packet of marijuana into evidence citing Rule 801 and Rule 404(b). Fed.R.Evid. 801, which provides hearsay definitions, is not a satisfactory foundation for admission. We have already held that the marijuana testimony could not have been introduced under Rule 404(b) but was admissible under Rule 608(b). Rule 608(b), which allows specific instances of conduct to be "inquired into" on cross-examination to attack credibility, does not provide for the admission of physical evidence. Moreover, defendant did not deny that he had a package of marijuana in his suitcase. Its admission, therefore, did not impeach the defendant. We find that

the actual marijuana should not have been allowed into evidence. The next question is whether such admission was harmless error.

■ In determining whether or not error was harmless, a reviewing court must assess the record as a whole to determine the probable impact of the improper evidence upon the jury. *United States v. Currier,* 821 F.2d 52, 56 (1st Cir.1987). "The prejudicial effect of the improper evidence must be weighed against the impact of the properly admitted evidence to determine whether or not the evidence complained of might have contributed to the conviction." *Id.* at 56–57.

The defendant acknowledged his possession of the marijuana. The packet of marijuana, marked as an exhibit, graphically emphasized the cross-examination admission of defendant, but did not open new evidentiary territory. Nor, unlike a gun or a blood-stained knife, was it likely to arouse the passion or prejudice of the jury to any greater extent than testimony about its presence in the suitcase did. Although the packet of marijuana was improperly admitted, looking at the record as a whole, we find that its admission was harmless error beyond a reasonable doubt. *Chapman v. California,* 386 U.S. 18, 24, 87 S.Ct. 824, 828, 17 L.Ed.2d 705 (1967).

■ The district court did not give any cautionary instructions limiting the jury's consideration of the marijuana to the issue of credibility. But none were requested, either at the time of the ruling or prior to the final charge. And when the trial judge specifically asked defendant's counsel if he had any objection to the jury instructions as given, the reply was "none."

Appellant claims that the failure of the trial judge to give a cautionary instruction

---

6. In *United States v. Smith Grading and Paving, Inc.,* 760 F.2d 527, 531 n. 4 (4th Cir.1985), the court noted that the purpose of the Federal Rules of Evidence is found in Rule 102 which states:

These rules shall be construed to secure fairness in administration, elimination of unjustifiable expense and delay, and promotion of growth and development of the law of evidence to the end that the truth may be ascertained and proceedings justly determined.

to the jury constituted prejudicial error.[7] Fed.R.Evid. 105 states:

> When evidence which is admissible as to one party or for one purpose but not admissible as to another party or for another purpose is admitted, *the court, upon request,* shall restrict the evidence to its proper scope and instruct the jury accordingly. (Emphasis added.)

We have held that an appellant waives any objection to the lack of a limiting instruction by his failure to make a timely request for one. *Staniewicz v. Beecham, Inc.,* 687 F.2d 526, 531 (1st Cir.1982); *Dente v. Riddell, Inc.,* 664 F.2d 1, 6 n. 5 (1st Cir.1981). The failure of the district court to give *sua sponte* a limiting instruction was not prejudicial error.

### III. SUFFICIENCY OF THE EVIDENCE

■ Appellant claims that there was insufficient evidence to support his conviction. He argues that, although he was in possession of the handbag, the evidence was inadequate to prove beyond a reasonable doubt that he knew that the handbag contained a controlled substance. Therefore, appellant asserts, the jury could not find beyond a reasonable doubt that the he had the requisite knowing and willful mental state, an indispensable element of the crimes for which he was convicted.

"Our standard of review with respect to challenges to the sufficiency of the government's evidence is whether, taken as a whole and viewed in the light most favorable to the government, the evidence and all legitimate inferences therefrom would allow a rational trier of fact to find guilt beyond a reasonable doubt." *United States v. Molinares Charris,* 822 F.2d 1213, 1218 (1st Cir.1987) (quoting *United States v. Luciano Pacheco,* 794 F.2d 7, 10 (1st Cir.1986)).

Appellant's reliance on *United States v. Samad,* 754 F.2d 1091 (4th Cir.1984), is misplaced.[8] In *Samad,* the Fourth Circuit held that mere possession is insufficient to establish the intent to import or to distribute a controlled substance of foreign origin. *Id.* at 1096. Although we concur that possession alone may not be enough to prove the requisite state of mind necessary for importation or intent to distribute, the trial record here establishes that the evidence against the appellant went beyond mere possession.

We have held that knowing participation in a venture to import a controlled substance can be inferred from circumstantial evidence. *Molinares Charris,* 822 F.2d at 1218. At the time the cocaine was discovered, the handbag was in the exclusive possession of the defendant. The handbag and its contents (photo album) contained approximately three (3) pounds of cocaine. Defendant was returning to Spain after a brief stay in Colombia. Defendant did not know the name of the woman who allegedly gave him the handbag or the name of the person to whom it was to be delivered. In addition to the cocaine, the handbag contained coffee which defendant admittedly placed there. Defendant's statement to the customs official as to the purpose for his trip to Colombia was inconsistent with

---

7. Appellant relies exclusively upon *United States v. Ailstock,* 546 F.2d 1285 (6th Cir.1976), where the court held that a failure of the appellant to request a cautionary instruction did not excuse the district court from its duty to give such an instruction. But in *Ailstock,* the duty of the judge arose because he had allowed the jury to hear clearly inadmissible testimony which was highly prejudicial and then failed to warn the jurors to disregard it. This is distinguishable from the case at bar where we have held that the evidence was admissible and the value of a limiting instruction would only have been to advise the jurors on how they should view the evidence.

8. In *United States v. Samad,* 754 F.2d 1091 (4th Cir.1984), the defendant was convicted in district court of importation of heroin and of possession with intent to distribute heroin. The prosecution's case was substantially based upon evidence that the defendant accepted a package in the mail, addressed to another person, which contained heroin. The court reversed the conviction holding that mere possession of a controlled substance is legally insufficient to prove beyond a reasonable doubt that a defendant knowingly and willfully imported and possessed with intent to distribute the controlled substance.

his testimony.[9]

Considering the evidence as a whole, including the legitimate inferences to be drawn therefrom, a jury could conclude beyond a reasonable doubt that the defendant knowingly and willfully participated in a scheme to possess, import and distribute cocaine.

## IV. SEARCH OF IN–TRANSIT PASSENGERS

■ Appellant claims that in-transit passengers should not be subject to routine searches without a showing of some level of suspicion and that the customs official had no reasonable grounds for searching his handbag. He argues that an in-transit passenger should be afforded greater protection than a disembarking passenger against searches because such a passenger, although physically within our nation's borders, has no intention to enter or bring anything into this country.

*United States v. McKenzie,* 818 F.2d 115 (1st Cir.1987) forecloses appellant's argument and renders any discussion unnecessary. We reiterate our holding:

The seriousness and worldwide nature of the traffic in narcotics, which civilized nations have joined forces to stamp out, as well as the increased burden upon those efforts that recognition of some kind of in-transit exception would create, militate against the exemption appellant seeks. We decline to immunize international travellers who choose to pass through this country, however, briefly.

*Id.* at 120.

## V. DENIAL OF TRAVEL EXPENSES

■ Prior to trial, defendant's attorney filed a motion with the district court requesting travel expenses. The motion alleged that in order to provide an adequate defense it was necessary for the defendant's attorney to travel to Spain to "inter-

view witnesses that could testify in the trial on his behalf and to investigate his background, police records and documents." The motion was denied by the district court.

Appellant claims that the denial of this motion was an abuse of discretion. He argues that information necessary to the defense could have been obtained if his attorney had been allowed to travel to Spain to interview witnesses who could testify at the trial on his behalf and to investigate his background, police records and documents.

Appellant contends that the trip to Spain should have been authorized under the provisions of the Criminal Justice Act, 18 U.S.C. § 3006A(e)(1), which states:

Counsel for a person who is financially unable to obtain investigative, expert, or other services *necessary for an adequate defense* may request them in an ex parte motion. Upon finding, after appropriate inquiry in an ex parte proceeding, that the services are necessary and that the person is financially unable to obtain them, the court, or the United States magistrate if the services are required in connection with a matter over which he has jurisdiction, shall authorize counsel to obtain the services. (Emphasis added.)

Appellant relies upon the holding in *United States v. Durant,* 545 F.2d 823, 827 (2d Cir.1976), in which the Second Circuit, relying upon the legislative history, declared that the purpose of the Criminal Justice Act of 1964, 18 U.S.C. § 3006A, was to redress the imbalance in the criminal process when the resources of the United States Government are pitted against an indigent defendant. The court held that the statutory phrase "necessary to an adequate defense," must be construed with this commendable purpose in mind. *Id. Durant* is distinguishable from the case at hand. In *Durant,* the court found that the

---

9. The customs official testified at trial that the defendant stated at the time of arrest that his purpose in traveling to Colombia was to study. During direct examination, the defendant testified that he went to Colombia because he "wanted to go to their places" and that he chose

Colombia because "they spoke Spanish" and because the value of the Colombian dollar was favorable. The defendant spent four or five days in Bogata and sixteen or seventeen days in Medellin, making no arrangements to study while he was in either place.

trial court's denial of a motion to provide a fingerprint expert was "likely to be pivotal" to the identification of the defendant, *id.* at 828, and, therefore, a new trial was warranted. But, appellant here has made no showing that the proposed investigatory expedition to Spain would produce any evidence likely to be pivotal to his defense.

More pertinent is *United States v. Davis,* 582 F.2d 947, 951 (5th Cir.1978), *cert. denied,* 441 U.S. 962, 99 S.Ct. 2408, 60 L.Ed.2d 1067 (1979), where the court held that, when investigative services are requested, a defendant must show specifically the reasons why the services are necessary. In *Davis,* the defendant's motion for funds from the court to contact potential witnesses was denied because he gave no explanation of the relevance of the witnesses he wished to contact, he did not point to a particular lead which needed to be pursued and he did not explain what other investigative efforts had been exhausted. *Id.* at 951–952.

The reasons given by defense counsel here for the trip to Spain were: "to interview witnesses that could testify in the trial on his behalf and to investigate his background, police records or documents." No names of specific witnesses were stated, nor was the relevance of the putative testimony stated. Nor was there any showing that records, documents or other evidence were unobtainable without a costly trip to Spain.

The Criminal Justice Act, 18 U.S.C. § 3006A(e)(1), provides that a defendant may request an investigative expert or other services necessary to an adequate defense. But, the concern for fairness does not mean that all applications should be granted regardless of merit. Based upon the facts before us, the trial court did not abuse its discretion in denying the defendant's motion to fund an exploratory junket to Spain.

## VI. PROSECUTOR'S CLOSING ARGUMENT

■ During his closing argument, the prosecutor made the following remarks:

[The defendant] was not thinking of the children that appear here [in the photo album]. He was not thinking of your children. He was not thinking of my children. He was thinking in terms of money, because all these offenses take place because they want to get rich. And the rest of the world, they don't care. Okay.

and:

The new symbol of power, the new symbol of doom. Cocaine. And all the problems this creates to society. This is the rock of truth, of the new age. That's why all civilized nations have joined an effort to finish with this because of the problems.

The final issue is whether these comments were calculated to inflame the jury and resulted in prejudice to the defendant. Appellant argues that the prosecutor's comments went beyond the facts and the law and were directed toward the emotions and the passions of the jury members. He would have us conclude that the resulting prejudice rendered the trial unfair.

We first note that there was no objection by defense attorney to the remarks made by the prosecutor in closing argument. We will not take notice of an error that is not preserved unless it amounts to plain error, or the issue is so compelling as virtually to insure the appellant's success. *United States v. Williams,* 809 F.2d 75, 82 (1st Cir.1986), *cert. denied,* — U.S. —, 107 S.Ct. 2484, 96 L.Ed.2d 377 (1987).

It is apparent that the prosecutor's remarks went beyond the evidence. But, the issue is not whether the prosecutor acted improperly, it is whether the prosecutor's statements warrant reversal. "[T]he mere fact that a transgression by the Government has occurred does not automatically trigger a sanction which places the defendant in the position of an innocent bystander, if the government's actions are not *actually* prejudicial to defendant's rights." *United States v. Maccini,* 721 F.2d 840, 846 (1st Cir.1983).

We must, therefore, determine whether the prosecutor's remarks "so poisoned the well" that the trial's outcome was likely

affected. *United States v. Majia–Lozano,* 829 F.2d 268, 274 (1st Cir.1987). This is done by applying the three-pronged test adopted by this court in *United States v. Capone,* 683 F.2d 582, 586–587 (1st Cir. 1982), which was restated in *Maccini,* 721 F.2d at 846: "(1) whether the prosecutor's conduct was isolated and/or deliberate; (2) whether the trial judge's instructions were strong and explicit; and (3) whether it is likely that any prejudice that survived the judge's instructions could have affected the outcome of the case."

The prosecutor's comments in closing argument went beyond the evidence presented at trial to comment on the societal problem of cocaine. Whether or not the prosecutor intended his remarks to be inflammatory, his comments were an appeal to emotion rather than the facts.

The trial judge admonished the jury in regard to the use of closing arguments in their deliberations. Immediately following the prosecutor's closing argument, the trial judge cautioned:

"Ladies and gentlemen of the jury, I remind you again, that the arguments of counsel is (sic) not evidence."

and during the final charge to the jury, the judge added:

"Statements and arguments of counsel, as I stated to you previously, are not evidence. I will repeat it for you, statements and arguments of counsel are not evidence in the case, unless made an admission or stipulation of facts."

We find, under the circumstances of this case, that the trial judge's instructions were sufficient to correct the prosecutorial indiscretion. It is unlikely that any prejudice that may have survived the judge's instructions could have affected the outcome of the case. The trial record does not support a conclusion that the defendant was virtually assured of success absent the prosecutor's prejudicial comments. *See Williams,* 809 F.2d at 82. Appellant's claim does not merit reversal.

## VII. SUMMARY

We conclude: (1) that the admission by the trial judge of testimony of marijuana possession at the time of arrest into evidence was not an abuse of discretion; (2) that although it was error to admit the marijuana itself into evidence, the error was harmless; (3) that the evidence was sufficient to support a jury verdict that the defendant knowingly and willfully imported, possessed and intended to distribute cocaine; (4) that in-transit passengers do not enjoy a greater standard of protection from searches than those disembarking, and that the search by customs officials was proper; (5) that the denial of the ex parte motion for expenses to fund an investigatory trip to Spain was not an abuse of the trial judge's discretion; and (6) that the closing argument of the prosecutor, although beyond the scope of the evidence, was mitigated by the judge's instructions to the jury and did not result in prejudice such that the outcome of the trial was affected.

A defendant is entitled only to a fair trial, not a perfect one. *Lutwak v. United States,* 344 U.S. 604, 619, 73 S.Ct. 481, 490, 97 L.Ed. 593 (1953). After a comprehensive review of the claims raised by appellant and a full review of the record, we are convinced that appellant received a fair trial and that there are no grounds for reversal.

AFFIRMED.