USCA1 Opinion

 

 June 3, 1994 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ___________________ No. 94-1038 GERALDINE FOX, ET AL., Plaintiffs, Appellees, v. SOUTHEAST TRANSPORT INC., A/K/A BILL MATT ENTERPRISES, Defendant, Appellant. __________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [[Hon. Mark L. Wolf, U.S. District Judge] ___________________ ___________________ Before Torruella, Selya and Cyr, Circuit Judges. ______________ ___________________ Steven J. Marullo on brief for appellant. _________________ Gary H. Goldberg on brief for appellees. ________________ __________________ __________________ Per Curiam. Appellant Southeast Transport Corporation __________ appeals a judgment by the United States District Court for the District of Massachusetts in the amount of $15,000 for appellee Geraldine Fox and in the amount of $20,000 for appellee Melinda St. John, and the award to appellees of reasonable attorneys' fees. We summarily affirm. I Fox and St. John were hired by appellant as truck drivers in June 1988. They were both terminated on August 11 of the same year. In 1989, appellees brought suit alleging that appellant had discriminated against each "based upon her sex in the terms and conditions of her employment by creating a hostile, offensive and abusive work environment and terminating her employment" in violation of 42 U.S.C. 2000e and Mass. Gen. L. ch. 151B. In July 1991, the court entered a default judgment against defendant, pursuant to Fed. R. Civ. P. 55(a). The court then conducted an evidentiary hearing to determine the amount to be awarded to each appellee in damages. Fed. R. Civ. P. 55(b)(2). Plaintiffs sought damages for emotional distress on their Mass. Gen. L. ch. 151B claim. They also requested reasonable attorneys' fees. Each of the appellees testified at the hearing, as did two witnesses for the defendant. The court detailed its findings and conclusions in a memorandum and order dated December 9, 1993. -2- On appeal, appellant asserts two assignments of error. First, appellant claims that certain testimony received by the court at the evidentiary hearing should have been barred as hearsay, pursuant to the Federal Rules of Evidence, which appellant contends apply to hearings pursuant to Fed. R. Civ. P. 55(b). Second, appellant contends that there was insufficient evidence presented to sustain the award of damages to each appellee. II Once the default judgment had entered, it was established, as alleged in the complaint, that the appellant had discriminated against the appellees both by creating a hostile work environment and by terminating their employment because they were women. See Riehle v. Margolies, 279 U.S. ___ ______ _________ 218, 225 (1929). Therefore, the only issue to be decided at the Rule 55(b)(2) hearing was the amount of damages to which appellees were entitled as a result of appellant's illegal conduct. See Jones v. Winnepesaukee Realty, 990 F.2d 1, 4 ___ _____ ____________________ (1st Cir. 1993). In its memorandum and order, the court, as required, stated its findings of fact and conclusions. See Brown v. Kenron Aluminum & Glass Corp., 477 F.2d 526, ___ _____ _____________________________ 530-31 (8th Cir. 1973); Foxtrap, Inc. v. Foxtrap, Inc., 671 ____________ ____________ F.2d 636, 638 n.1 (D.C. Cir. 1982). The court found that appellees were credible witnesses. It also concluded, based in part on its assessment of credibility, that the appellees -3- had suffered "significant emotional distress" because of specific illegal conduct by the appellant and, therefore, were entitled to damages under Mass. Gen. L. ch. 151B. See ___ Buckley Nursing Home, Inc. v. Massachusetts Comm'n Against ___________________________ _____________________________ Discrimination, 20 Mass. App. Ct. 172, 182, 478 N.E.2d 1292, ______________ 1299 (an award of emotional distress damages under ch. 151B can be sustained by finding of discrimination alone even in the absence of physical injury or psychiatric consultation), review denied, 395 Mass. 1103, 482 N.E.2d 328 (1985). ______ ______ Having read the whole of the record, we find no reversible error in any of the factual findings or conclusions of the district court. See Cumpiano v. Banco ___ ________ _____ Santander Puerto Rico, 902 F.2d 148, 152 (1st Cir. 1990) (an ______________________ appellate court "ought not to upset findings of fact or conclusions drawn therefrom unless, on the whole of the record, [the appellate judges] form a strong, unyielding belief that a mistake has been made"). Furthermore, in light of the court's findings and given that damages for emotional distress are "not easily computed and, therefore, . . . extremely fact-sensitive," we find no abuse of discretion in the court's assessment of damages in this case. Jones, 990 _____ F.2d at 5 (upholding an award for emotional damages based mainly on defendant's statement of damages and sworn testimony). -4- Finally, we find no evidence, and appellant has called our attention to none, which would indicate that the court, in its factual findings and conclusions, explicitly or implicitly relied on any of the statements alleged to be hearsay. Therefore, even if we were to assume arguendo both ________ that the Federal Rules of Evidence apply to a hearing to determine damages and that the testimony challenged by appellant was inadmissible hearsay, any error in the admission which may have occurred was harmless. See Vincent ___ _______ v. Louis Marx & Co., 874 F.2d 36, 41 (1st Cir. 1989) _________________ (admission of evidence harmless when appellate court can say "with fair assurance . . . that the judgment was not substantially swayed by the error") (citations omitted). Affirmed. See 1st Cir. Loc. R. 27.1. ________ ___ -5-